IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **EDWARD T. KENNEDY,** | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| **EQUIFAX, INC.,** *et al.*, | : | NO. 18-214 |
| Defendants. | : | |

## MEMORANDUM

**SCHMEHL, J. /s/ JLS**                                                                                    **FEBRUARY 28, 2018**

Edward T. Kennedy, proceeding *pro se*, has filed this civil action against Equifax, Inc., Equifax CEO Richard F. Smith, the American Bankers Insurance Company of Florida, and Barbara Lopez, a claims adjuster. He has also filed a motion to proceed *in forma pauperis*. For the following reasons, the Court will grant Mr. Kennedy leave to proceed *in forma pauperis*, dismiss his Complaint, and provide leave to file an amended complaint.

**I.     FACTS**

In his Complaint, Mr. Kennedy alleges that on or about October 24, 2017, he submitted a claim and notice of loss to the insurer for Equifax. (Compl. at 5.) He sent identity fraud claim forms, expense receipts, and a police report to the claims adjuster "by USPS Certified Mail (twice), fax and email plus a Notarized Affidavit of Claim with Exhibits." (*Id.*) According to Mr. Kennedy, Barbara Lopez "never contacted [him] and never provided [him] with the proper form claim in a timely manner." (*Id.*) He alleges that Equifax "admitted they failed to protect [his] private data," and that Equifax CEO Richard Smith testified under oath before Congress "that he was responsible for [Mr. Kennedy's] data breach and identity theft, a breach of his fiduciary duty." (*Id.*) He contends that Defendants have engaged in "[f]raud or embezzlement,

1

[t]heft, [f]orgery, [d]ata breach, [t]heft, [s]tolen identity event with coverage limited to 1 million dollars." (*Id.*) According to Mr. Kennedy, Defendants' actions have caused him to lose his home and his reputation as a priest and tax accountant and forced him to defend against "fake lawsuits." (*Id.* at 7.) As relief, he requests that the Court direct Defendants to pay his claim in the amount of $893,313.00 "without further delay," award damages for intentional infliction of emotional distress and loss of reputation, award punitive damages, and award $250,000 "in legal fees required to defend against frivolous lawsuits." (*Id.* at 8.)

## II.  STANDARD OF REVIEW

The Court will grant Mr. Kennedy leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees necessary to commence this action. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) applies to his Complaint. This statute requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "[M]ere conclusory statements do not suffice." *Id.* As Mr. Kennedy is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

Moreover, Rule 8(a) of the Federal Rules of Civil Procedure requires a complaint to contain "a short a plain statement of the claim showing that the pleader is entitled to relief." A district court may *sua sponte* dismiss a complaint that does not comply with Rule 8 if "the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if

any, is well disguised." *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995) (quotations omitted). This Court has noted that Rule 8 "requires that pleadings provide enough information to put a defendant on sufficient notice to prepare their defense and also ensure that the Court is sufficiently informed to determine the issue." *Fabian v. St. Mary's Med. Ctr.*, No. Civ. A. 16-4741, 2017 WL 3494219, at *3 (E.D. Pa. Aug. 11, 2017) (quotations omitted).

## III. DISCUSSION

It is difficult for the Court to discern the precise basis for Mr. Kennedy's claims against Defendants based on the manner in which the Complaint is pled. It appears that Mr. Kennedy believes that Equifax neglected to protect against a data breach which led to Mr. Kennedy's identity being stolen. Mr. Kennedy vaguely alleges that Defendants have engaged in fraud and embezzlement, apparently because they have failed to honor a claim that Mr. Kennedy has submitted. His Complaint, however, is devoid of any specific facts that support his assertions. For example, Mr. Kennedy has failed to describe how the Defendants are responsible for the theft of his identity and the basis for the claim that he has submitted to Defendants. As such, the Complaint fails to "provide enough information to put a defendant on sufficient notice to prepare their defense and also ensure that the Court is sufficiently informed to determine the issue." *Id.*

In deference to Mr. Kennedy's *pro se* status, the Court will give him leave to file an amended complaint within thirty (30) days of the date of this Memorandum and Order in the event that he can state a plausible claim for relief. Any amended complaint shall be a complete document that identifies all of the defendants in the caption in addition to the body, and shall describe in detail the factual basis for Mr. Kennedy's claims against each defendant. Mr. Kennedy is advised that if he fails to file an amended complaint, his case may be dismissed for failure to prosecute without further notice.

## IV. CONCLUSION

For the foregoing reasons, the Court will grant Mr. Kennedy leave to proceed *in forma pauperis* and dismiss his Complaint for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and Rule 8 of the Federal Rules of Civil Procedure. This dismissal is without prejudice to Mr. Kennedy's right to file an amended complaint within thirty (30) days in the event that he can cure the defects noted above. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002). An appropriate Order follows, which shall be docketed separately.