IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

EDWARD T. KENNEDY,

Plaintiff,

v.

Civil Action NO. 18-CV-214-JLS

TRIAL BY JURY DEMANDED

EQUIFAX, INC.,
RICHARD F. SMITH, in his official
and individual capacities,
AMERICAN BANKERS INSURANCE
COMPANY OF FLORIDA, a Stock Insurance
Company,
BARBARA LOPEZ, in her official
and individual capacities, and
STEVEN CRAIG LEMASTERS,
in his official and individual capacities,

Defendants.

FILED
MAY 14 2018
KATE BARKMAN, Clerk
By Dep. Clerk

PLAINTIFF'S FIRST AMENDED COMPLAINT

COMES NOW the Plaintiff, Edward T. Kennedy, on his own behalf, and pursuant to the Court Order dated April 30, 2018, amends this complaint as follows to a civil action for violations of 18 U.S.C. § 1961 et seq. ("Racketeer Influenced and Corrupt Organizations Act" or "RICO"). Plaintiff does not yet have ECF access to

this case in this court, and Plaintiff is grateful to the Court and Honorable Judge Schmehl for that granting him ECF access.

Plaintiff sues the Defendants, in their official and individual capacities. Each Defendant, through individual actions, has violated the United States ("U.S.") Constitution, and for operating a criminal enterprise, for violating Plaintiff's due process rights, vested property rights, constitutional rights, for misappropriating property, for Trespass (D.C. Common Law), Computer Fraud and Abuse Act (18 U.S.C. § 1030(A)), Trespass to Chattels (Virginia Common Law) and Conspiracy to Commit Chattels (Virginia Common Law), Mail Fraud (18 U.S.C. Section 1341), Fraud by wire, radio, or television (18 U.S. Code § 1343), and 5 U.S.C. § 552a (The Privacy Act).

The Defendants have systematically and continuously "gone gangster" over the last ten (10) years and more, conducted a corrupt enterprise in violation of the Racketeer Influenced and Corrupt Organization ("RICO") Act, all of which acts are continuing in nature. As grounds, therefore, Plaintiff alleges as follows:

## I. INTRODUCTION

1. This is a civil action for violations of 18 U.S.C. § 1961 et seq. ("Racketeer Influenced and Corrupt Organizations Act" or "RICO"). RICO addresses the corrupt abuse and misuse – usually covertly – of organizations, entities, businesses, institutions or even governments or government agencies, such that superficially legitimate entities actually operate for criminal purposes irrelevant to the entity's purpose.

2. Defendants also violated the Plaintiff's due process rights, and lied to government officials under oath, committed crimes of Trespass (D.C. Common Law), Computer Fraud and Abuse Act (18 U.S.C. § 1030(A)), Trespass to Chattels (Virginia Common Law) and Conspiracy to Commit Chattels (Virginia Common Law), Mail Fraud (18 U.S.C. Section 1341), Fraud by wire, radio, or television (18 U.S. Code § 1343), failure to provide lawful money (18 U.S.C. Section 1341), in support of the criminal enterprise, and illegal and unauthorized use of Plaintiff's name.

3. Upon information and belief, Plaintiff states that it is the custom, policy, and practice for individual Defendants to lie under oath, commit mail fraud, fraud by wire, radio, or television and other common law crimes mentioned herein, in order to protect the criminal enterprise and profit personally from the criminal enterprise.

4. Using concealed communications, upon information and belief, the Defendants planned, budgeted, organized, directed, staffed, budgeted, financed, coordinated, negotiated, arranged, and managed their criminal enterprise.

5. Defendants unlawfully withheld insurance policy documents to which Plaintiff was entitled under law, and denied Plaintiff's lawful claims.

## II. JURISDICTION AND VENUE

6. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 because this action arises under 18 U.S.C. §§ 1961-1968 (Racketeer Influenced

and Corrupt Organizations Act); This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367(b).

7. Jurisdiction is also proper pursuant to 18 U.S.C. § 1965, which allows for nationwide jurisdiction pursuant to the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961-1968.

8. This Court has supplemental jurisdiction over this action pursuant to 28 U.S.C. § 1367.

9. Defendants committed the trespass in support of the criminal enterprise and in order to deny Plaintiff lawful money and to steal Plaintiff's name, personal property, trade secrets and commit economic espionage, two forms of commercial activity undertaken in and directly affecting the United States. See id. § 1605(a)(2), and deny the Plaintiff lawful money.

10. The Venue is proper in this Court under 28 U.S.C. § 1391(b)(2) because a substantial part of the financial crimes giving rise to the claims occurred and continue to occur in the Judicial District of this Court.

11. The Venue is also proper for the claims arising under RICO pursuant to 18 U.S.C. § 1965(a) because Defendants have agents, or transact affairs in the Judicial District of this Court.

III. THE PARTIES

12. Plaintiff Edward T. Kennedy is an adult citizen and resident of Breinigsville, Pennsylvania, and of full age. Plaintiff holds a Master of Business Administration degree (MBA) from the University of Notre Dame Graduate School

of Business, Notre Dame, Indiana (1977), now Mendoza College of Business. Plaintiff is an ordained Roman Catholic priest, and a Papal Knight, but is not a Bar member. Plaintiff believes he is competent to testify on his on behalf.

13. Plaintiff is not a party to the multidistrict litigation, Equifax, Inc., Customer Data Security Breach Litigation, MDL No. 2800, 12/6/2017, before Honorable Marjorie O. Rendell, Acting Chair, in this Judicial District, or any other class action suit filed against the Defendants herein.

14. The Plaintiff's injuries also include intentional infliction of emotional stress, the deprivation of his legal rights and legally protected vested property rights, which are proximately related to the illegal conduct of Defendants, each and every one of them, jointly and severally.

15. Defendant Equifax, Inc. is a corporation and the public employer of Defendant Richard F. Smith as Chief Executive Officer. [1]

16. Defendant Richard F. Smith served as Chairman of the Board and Chief Executive Officer at Defendant Equifax Inc. since December 15, 2005 until September 26, 2017.

17. Defendant American Bankers Insurance Company of Florida is registered [2] with the Pennsylvania Insurance Department, NAIC: 10111, address 11222 Quail Roost Drive, Miami, Florida 33157, domicile Florida.

---

[1] The Equifax breach very possibly is the most severe of all for a simple reason: the breath-taking amount of highly sensitive data it handed over to criminals. By providing full names, Social Security numbers, birth dates, addresses, and, in some cases, driver license numbers, it provided most of the information banks, insurance companies, and other businesses use to confirm consumers are who they claim to be.

[2] http://www.insurance.state.pa.us/scrpts/gfsearch?level=2&item=gf0097

18.     Defendant American Bankers Insurance Company of Florida is registered [3] with the Pennsylvania Insurance Department with the following Property powers: Accident and Health, Auto Liability, Boiler and Machinery, Burglary and Theft, Credit, Elevator, Fidelity and Surety, Glass, Inland Marine and Physical Damage, Livestock, Mine and Machinery, Ocean Marine, Other Liability, Personal Property Floater, Property and Allied Lines, Water Damage, Workers Compensation.

19.     Defendant American Bankers Insurance Company of Florida is not registered with the Pennsylvania Insurance Department to offer the Plaintiff an Identity Fraud Blanket Policy.

20.     Defendant Richard F. Smith was employed as Chief Executive Officer, at Defendant Equifax, Inc. Smith is acting in all events relevant herein as an individual operating a criminal enterprise. Smith is a citizen of the United States. Smith is sued in his official and individual capacities.

21.     Defendant American Bankers Insurance Group, Inc. operates American Bankers Insurance Company of Florida, Inc. as a subsidiary.

22     American Bankers Insurance Company of Florida, Inc. is located at 11222 Quail Roost Drive, Miami, FL 33157, United States and is private.

23.     Defendant Equifax, Inc., claims it contracted with Defendant American Bankers Insurance Group, Inc. to provide the Plaintiff with a Identity Fraud Blanket Policy to settle all the claims of the Plaintiff.

---

[3] http://www.insurance.state.pa.us/scrpts/gfsearch?level=2&item=gf0097

24. Defendant American Bankers Insurance Company of Florida, doing business as Assurant, operates as an insurance firm, [4] and is a corporation.

25. Defendant Barbara Lopez is Claims Adjuster for Defendant American Bankers Insurance Company of Florida, doing business as Assurant.

26. Defendant Lopez is acting in all events relevant herein as an individual operating a criminal enterprise. Lopez is a resident of Florida. Lopez is sued in her official and individual capacities.

27. Defendant Steven Craig Lemasters is Chief Executive Officer of Defendant American Bankers Insurance Company of Florida, a Stock Insurance Company. Lemasters is acting in all events relevant herein as an individual operating a criminal enterprise. Lemasters is a citizen of the United States. Lemasters is sued in his official and individual capacities.

IV. FACTS COMMON TO ALL COUNTS

28. Defendant American Bankers Insurance Company of Florida, a Stock Insurance Company, is not registered with the Commonwealth of Pennsylvania Secretary of State website to conduct business in the Commonwealth of Pennsylvania, in support of the criminal enterprise.

29. Defendant American Bankers Insurance Company of Florida is not registered with the Pennsylvania Insurance Department to offer the Plaintiff a Identity Fraud Blanket Policy, in support of the criminal enterprise.

---

4 https://www.bloomberg.com/profiles/companies/0193219D:US-american-bankers-insurance-co-of-florida

30.    Defendant Lopez is not registered as a Claims Adjuster with the Commonwealth of Pennsylvania Insurance Department, in support of the criminal enterprise.

31.    Plaintiff's demands his right to remedy and right to lawful money, under Title 12 Section 411 (United States Code) and Section 16 of the Federal Reserve Act nunc pro tunc from Defendants.

32.    Plaintiff filed an insurance claim for lawful money and a Notice of loss to Assurant Insurance, the subsidiary of Defendant American Bankers Insurance Company of Florida, the insurer advertised by Defendant Equifax, Inc., by telephone on October 24, 2017.

33.    Demand for lawful money Identity fraud claim forms, expense receipts and a police report were all submitted to the Claims Adjuster Barbara Lopez of Defendant by the Plaintiff by USPS Certified Mail (twice) fax and email, and were ignored by Defendant Lopez, in support of the criminal enterprise.

34.    The Claims Adjuster and Defendant, Barbara Lopez, ignored the claims from the Plaintiff and, to this date, never contacted the Plaintiff to process the claim and/or investigate. Also, Plaintiff never met os spoke with Defendant Lopez.

35.    Defendant Lopez failed to provide the Plaintiff with the proper claim forms in a timely manner, in support of the criminal enterprise.

36.    Plaintiff submitted Affidavits of Identity Theft to both the Internal

Revenue Service and the Federal Trade Commission.

37. Defendant Equifax Corporation admitted they failed to protect Plaintiff's name, privacy, intellectual property, and private data, in support of the criminal enterprise. [5]

38. Defendant Smith testified under oath on the public record before the U.S. Congress that he was personally responsible for the data breach at Defendant Equifax, Inc. and that he also breached his fiduciary duty to the Plaintiff.

39. Defendant Smith lied under oath to Senator Elizabeth Warren on October 4, 2017, at his U.S. Congressional Hearing, [6] in support of the criminal enterprise. [7] To be clarified at trial, Smith testified to Senator Warren that he did not encrypt Equifax computers as a strategy and policy of Defendant Equifax, Inc., in order to sell the Plaintiff data protection insurance.

[5] According to an October 2017 report from Motherboard, around December 2016, a security researcher examining Equifax's servers observed an online portal, apparently created for Equifax employees only, was accessible to the open Internet. "I didn't have to do anything fancy," the researcher told Motherboard, explaining that the site was vulnerable to a basic "forced browsing" bug. The researcher requested anonymity out of professional concerns. ""All you had to do was put in a search term and get millions of results, just instantly—in cleartext, through a web app," they said. In total, the researcher downloaded the data of hundreds of thousands of Americans in order to show Equifax the vulnerabilities within its systems. They said they could have downloaded the data of all of Equifax's customers in 10 minutes: "I've seen a lot of bad things, but not this bad."

[6] Senator Warren questions former Equifax CEO Richard Smith after massive data hack, link here: https://www.youtube.com/watch?v=e6fluRqu6wc and here: Equifax Is Going to Make Millions Off Its Own Data Breach, link here:http://time.com/money/4969163/equifax-hearing-elizabeth-warren-richard-smith/

[7] See also Equifax Hack Might Be Worse Than You Think, Wall Street Journal, February 9, 2018, Hackers accessed more records, including tax ID numbers, driver's license data and email addresses, than Equifax previously disclose and Wall Street Journal, The Equifax hack was one of the most significant in recent years. Here's how it went down.

40.     Plaintiff enrolled for Identity fraud and expense reimbursement and this covers the following under the Equifax TrustedID® Premier coverage, Fraud or embezzlement, Theft, Forgery, Data breach, Theft, Stolen identity event with coverage limited to  one (1) million dollars. Plaintiff says this is operated as an intentional scam, in support of the criminal enterprise.

41.     Plaintiff submitted claims to Defendant Barbara Lopez at the Defendant American Bankers Insurance Company of Florida address at 11222 Quail  Roost Drive, Miami, Florida 33157 via email, fax and United States Postal Service Certified Mail. Plaintiff has been ignored by Defendants and especially Defendant Lopez, in support of the criminal enterprise.

42.     There is no arbitration clause in the American Bankers Insurance Company of Florida Identity Fraud Blanket Policy that was sent to the Plaintiff by U.S. Mail by Michael Clements on behalf of the Defendants with his signed letter dated 01/17/2018.

43.     Defendants do not have a reasonable basis for denying benefits to the Plaintiff under the Identity Fraud Blanket Policy as noted herein.

44.     The Federal Reserve Act written in 1913 , [8] states "An Act. To provide for the establishment of Federal Reserve banks; to furnish an elastic currency; to

---

[8] [63rd Congress, Sess. 2; Ch. 4-6, P. 251]

afford means of rediscounting commercial [debt] paper..."

45. Defendants recklessly disregarded the Plaintiff's rights to claim settlement and demand for lawful money, in support of their criminal enterprise.

46 Defendants did not act on a reasonable basis at all times to avoid breaching the standard of conduct in settling claims. Defendants breached the standard of conduct in settling claims.

47. The primary responsibility on the part of Defendant Barbara Lopez, as a Claims Adjuster is to investigate the Plaintiff' claim in a timely manner.

48. Bad faith already occurred when the Defendant insurance carrier American Bankers Insurance Company of Florida failed to investigate the claim or fails to perform a proper investigation. [9]

50. Each Defendant, through each individual action, has violated the United States Constitution when they behaved with bad faith. These Defendants include Smith, Lopez, and Lemasters.

51. Individual Defendants herein took oaths and promised to tell the truth, and not mislead, misconstrue, misrepresent or put false information into filings with the United States Securities and Exchange Commission and/or U.S. Congress.

---

[9] Under Pennsylvania law an insurance company must act with the "utmost good faith" and fair dealing toward its insured. *Fedas v. Insurance Co. of Pa.*, 300 Pa. 555, 558, 151 A. 285, 286 (1930). This fiduciary duty is based on the contract of insurance, which mandates the carrier to promptly investigate and pay claims due under the policy. See *Romano v. Nationwide Insurance Company*, supra.

52. With malice, Defendants gamed the legal and monetary processes of the United States jurisdiction and laws, comprised the U.S. District Courts and laundered money, by telling lies under oath in order to cover up their theft of Plaintiff's property, in support of the criminal enterprise.

53. Defendant Smith, through his own individual action, failed to protect Plaintiff's name and private data, violated the United States Constitution, and ignored his fiduciary duty for personal gain with his big salaries and big pension, [10] in support of the criminal enterprise.

54. Individual Defendants are corrupt officials, engaged in a criminal enterprise, and have no sovereign immunity.

55. Upon information and belief, Plaintiff states individual Defendant Smith lied to government officials including Massachusetts Senator Elizabeth Warren in Congress under oath, in support of the criminal enterprise.

56. Agents for Defendant Equifax, Inc. refused Plaintiff's demand and right to lawful money.

57. Defendants Equifax, Inc., Lemasters, Smith, and Lopez have no legal authority to deny Plaintiff's claims.

58. Defendant Equifax, Inc. conspired with Defendants Smith, Lopez and Lemasters to violate Plaintiff's rights and cause injury and damages by sharing Plaintiff's private information and his name.

---

[10] Reported in the business media as over $90 million dollars.

59. Defendants Smith and Equifax, Inc. conspired with Defendants American Bankers Insurance Company of Florida, Lemasters, and Lopez to violate Plaintiff's rights and cause injury and damages to the Plaintiff.

60. Defendants Equifax, Inc. and Smith admit they lied, and now confess that passport data was stolen in the now famous data breach, [11] in support of the criminal enterprise.

61. Defendant Smith and Defendant Equifax, Inc. conspired with its customers to violate Plaintiff's rights, deny Plaintiff credit, and cause injury and damages to the Plaintiff, in support of the criminal enterprise. [12]

**The RICO Enterprise**

62. For any Racketeer Influenced and Corrupt Organization case, it is important to distinguish between legitimate organizations, businesses, and government offices and the abuse of those entities for illegal purposes by the unofficial, corrupt "enterprise."

63. This pattern of illegal activities committed by the Defendants, the "Predicate Acts," discussed below, were done with the purpose of financial gain and were done within the past ten (10) years and continuing.

64. By the acts alleged herein, Defendants, each and every one of them, jointly and severally, have aided and abetted and conspired to violate U.S. Law through their ongoing criminal enterprise as set forth herein.

---

[11] Equifax now says some passport info was stolen in breach, link here: https://apnews.com/c5a268aadbd549219db2fc79e08d4798

[12] Equifax was also the subject of more than 57,000 consumer complaints to the Consumer Financial Protection Bureau from October 2012 to September 17, 2017 with most complaints relating to incomplete, inaccurate, outdated, or misattributed information held by the company.

65. The law presumes generally that a person intends the obvious results of their actions.

**Predicate Criminal Acts of Anticipatory Obstruction of Justice**

66. Defendants could be charged and convicted of multiple, related violations of law which form a pattern and which violations are each potentially punishable by more than one year in jail constituting spoliation of evidence to avoid a subpoena.

67. Sometimes called "anticipatory obstruction of justice," 18 U.S.C. § 1519 requires that: Whoever knowingly alters, destroys, mutilates, conceals, covers up, falsifies, or makes a false entry in any record, document, or tangible object with the intent to impede, obstruct, or influence the investigation or proper administration of any matter within the jurisdiction of any department or agency of the United States or any case filed under title 11, or in relation to or contemplation of any such matter or case, shall be fined under this title, imprisoned not more tban 20 years, or both.

68. The Justice Department manual advises that Section 1519 makes prosecution much easier because it covers "any matters" or "'in relation to or contemplation of' any matters." It adds, "No corrupt persuasion is required."

**Predicate Criminal Acts of Conspiracy to Conceal and Remove Official Records**

69. Defendants could be charged and convicted of multiple, related violations of law which form a pattern and which violations are each potentially punishable by more than one year in jail constituting concealment, removal, or destructions – or attempts to do so – of public records.

70. 18 U.S. Code § 2071 requires: (a) Whoever willfully and unlawfully conceals, removes, mutilates, obliterates, or destroys, or attempts to do so, or, with intent to do so takes and carries away any record, proceeding, map, book, paper, document, or other thing, filed or deposited with any clerk or officer of any court of the United States, or in any public office, or with any judicial or public officer of the United States, shall be fined under this title or imprisoned not more than three years, or both. (b) Whoever, having the custody of any such record, proceeding, map, book, document, paper, or other thing, willfully and unlawfully conceals, removes, mutilates, obliterates, falsifies, or destroys the same, shall be fined under this title or imprisoned not more than three years, or both; and shall forfeit his office and be disqualified from holding any office under the United States.

71. Defendants could be charged and convicted of multiple, related violations of law which form a pattern and practice and which violations are each potentially punishable by more than one year in jail constituting of conspiracy to defraud the United States.

72. 18 U.S.C. § 371 provides: If two or more persons conspire either to commit any offense against the United States or to defraud the United States, or any agency thereof in any manner or for any purpose, and one or more of such persons do any act to effect the object of the conspiracy, each shall be fined under this title or imprisoned not more than five years, or both.

**Predicate Criminal Violations of Federal Mail Fraud Statute, 18 U.S.C. § 1341**

73. Under 18 U.S.C. § 1341, the Defendants could be charged and convicted of multiple, related violations of law which form a pattern and practice and which violations are each potentially punishable by more than one year in jail constituting mail fraud.

74. The individual Defendants, acted in criminal violation of the federal mail fraud statute under 18 U.S.C. § 1341 and "anticipatory obstruction of justice," 18 U.S.C. § 1519.

75. 18 U.S.C. § 1341 provides:

a. Whoever, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, or to sell, dispose of, loan, exchange, alter, give away, distribute, supply, or furnish or procure for unlawful use any counterfeit or spurious coin, obligation, security, or other article, or anything represented to be or intimated or held out to be such counterfeit or spurious article, for the purpose of executing such scheme or artifice or attempting so to do, places in any office or authorized depository for mail matter, any matter or thing whatever to be sent or delivered by the al Service, or deposits or causes to be deposited any matter or thing whatever to be sent or delivered by any private or commercial interstate carrier, or takes or receives therefrom, any such matter or thing, or knowingly causes to be delivered by mail or such carrier according to the direction thereon, or at the place at which it is directed to be delivered by the person to whom it is addressed, any such matter or thing, shall be fined under this title or imprisoned not more than 20 years, or both.

If the violation occurs in relation to, or involving any benefit authorized, transported, transmitted, transferred, disbursed, or paid in connection with, a presidentially declared major disaster or emergency (as those terms are defined in section 102 of the Robert T. Stafford Disaster Relief and Emergency Assistance Act (42 U.S.C. 5122)), or affects a financial institution, such person shall be fined not more than $1,000,000 or imprisoned not more.

**Predicate Criminal Acts of False Statements**

76. The Defendants could be charged and convicted of multiple, related violations of law which form a pattern and practice and which violations are each potentially punishable by more than one year in jail constituting false statements to officials of the U.S. Government in violation of 18 U.S.C. § 1001.

77. This statute, 18 U.S.C. § 1001, provides: (a) except as otherwise provided in this section, whoever, in any manner within the jurisdiction of the executive, legislative, or judicial branch of the Government of the United States, knowingly and willfully – (1) falsifies, conceals, or covers up by any trick scheme, or device a material fact; (2) makes any materially false, fictitious, or fraudulent statement or representation; or (3) makes or uses any false writing or document knowing the same to contain any materially false, fictitious, or fraudulent statement or entry shall be fined under this title, imprisoned not more than 5 years or, if the offense involves international or domestic terrorism (as defined in section 2331), imprisoned not more than 8 years, or both.

**CAUSES OF ACTION**

**COUNT I**

***Misappropriation of Chattel Property (Common law crime)***
***(AGAINST ALL DEFENDANTS)***

78. Plaintiff realleges and incorporates by reference all prior paragraphs of this Complaint and paragraphs in the counts below as though set forth fully herein.

79. Plaintiff was deprived of his private data records as personal property (chattel) to which Plaintiff is entitled.

80. Defendants stole Plaintiff's name, used Plaintiff's name without permission and stole Plaintiff's personal property.

81. The Defendants have misappropriated the personal property (chattel) of Plaintiff, with the intent to permanently deprive the Plaintiff his property.

**COUNT II**
***Acquisition and Maintenance of an Interest in and Control of an Enterprise Engaged in a Pattern of Racketeering Activity: 18 U.S.C. §§ 1961(5), 1962(b)***
***(AGAINST ALL DEFENDANTS)***

82. Plaintiff realleges and incorporates by reference all prior paragraphs of this Complaint and paragraphs in the counts below as though set forth fully herein.

83. During the ten (10) calendar years preceding May 7, 2018, Defendants did cooperate jointly and severally in the commission of two (2) or more of the RICO predicate acts that are itemized in the RICO laws at 18 U.S.C. §§ 1961(1)(A) and (B), and did so in violation of the RICO law at 18 U.S.C. § 1962(b) (prohibited activities).

84. Defendants operate as an "enterprise" within the meaning of RICO, the activities of which impacts interstate and foreign commerce.

85.    By virtue of the predicate acts described in this Complaint, including without limitations: theft of personal property, theft of Plaintiff's name,  mail and wire fraud, obstruction of justice, laundering of monetary instruments, engaging in monetary transactions improperly derived from unlawful activity, Defendants transferred, received, furthered and supplied financing and income that was derived, both directly and indirectly, from a pattern of racketeering activity in which each of them participated as a principal and used and invested, both directly and indirectly, such income and the proceeds of such income, in establishing, operating and furthering other illegal enterprises in violation of 18 U.S.C. § 1962(a).

86.    As a direct and proximate result of Defendants' violation of 18 U.S.C. § 1962(a), Plaintiff suffered the loss of valuable property, financial services and support, and suffered other physical, mental, business and pecuniary damages.

87.    Plaintiff further alleges that all Defendants did commit two (2) or more of the offenses itemized above in a manner which they calculated and premeditated intentionally to threaten continuity, i.e. a continuing threat of their respective racketeering activities, also in violation of the RICO law at 18 U.S.C. § 1962(b) supra.

88.    18 U.S.C. § 1964(c) defines "racketeering activity" as follows:

*(1) "racketeering activity" means*

*(A) any act or threat involving murder, kidnapping, gambling,*

*arson, robbery, bribery, extortion, dealing in obscene matter, or*

*dealing in a controlled substance or listed chemical (as defined in section 102 of the Controlled Substances Act), which is chargeable under State law and punishable by imprisonment for more than one year;*

*(B) any act which is indictable under any of the following provisions of title 18, United States Code: Section 201 (relating to bribery), section 224 (relating to sports bribery), sections 471, 472, and 473 (relating to counterfeiting), section 659 (relating to theft from interstate shipment) if the act indictable under section 659 is felonious, section 664 (relating to embezzlement from pension and welfare funds), sections 891–894 (relating to extortionate credit transactions), section 1028 (relating to fraud and related activity in connection with identification documents), section 1029 (relating to fraud and related activity in connection with access devices), section 1084 (relating to the transmission of gambling information), section 1341 (relating to mail fraud), section 1343 (relating to wire fraud), section 1344 (relating to financial institution fraud), section 1351 (relating to fraud in foreign labor contracting), section 1425 (relating to the procurement of citizenship or nationalization unlawfully), section 1426 (relating to the reproduction of naturalization or citizenship papers), section 1427 (relating to the sale of naturalization or citizenship papers),*

*sections 1461–1465 (relating to obscene matter), section 1503 (relating to obstruction of justice), section 1510 (relating to obstruction of criminal investigations), section 1511 (relating to the obstruction of State or local law enforcement), section 1512 (relating to tampering with a witness, victim, or an informant), section 1513 (relating to retaliating against a witness, victim, or an informant), section 1542 (relating to false statement in application and use of passport), section 1543 (relating to forgery or false use of passport), section 1544 (relating to misuse of passport), section 1546 (relating to fraud and misuse of visas, permits, and other documents), sections 1581–1592 (relating to peonage, slavery, and trafficking in persons)., [1] section 1951 (relating to interference with commerce, robbery, or extortion), section 1952 (relating to racketeering), section 1953 (relating to interstate transportation of wagering paraphernalia), section 1954 (relating to unlawful welfare fund payments), section 1955 (relating to the prohibition of illegal gambling businesses), section 1956 (relating to the laundering of monetary instruments), section 1957 (relating to engaging in monetary transactions in property derived from specified unlawful activity), section 1958 (relating to use of interstate commerce facilities in the commission of murder-for-hire), section 1960 (relating to illegal money transmitters), sections*

*2251, 2251A, 2252, and 2260 (relating to sexual exploitation of children), sections 2312 and 2313 (relating to interstate transportation of stolen motor vehicles), sections 2314 and 2315 (relating to interstate transportation of stolen property), section 2318 (relating to trafficking in counterfeit labels for phonorecords, computer programs or computer program documentation or packaging and copies of motion pictures or other audiovisual works), section 2319 (relating to criminal infringement of a copyright), section 2319A (relating to unauthorized fixation of and trafficking in sound recordings and music videos of live musical performances), section 2320 (relating to trafficking in goods or services bearing counterfeit marks), section 2321 (relating to trafficking in certain motor vehicles or motor vehicle parts), sections 2341–2346 (relating to trafficking in contraband cigarettes), sections 2421–24 (relating to white slave traffic), sections 175–178 (relating to biological weapons), sections 229–229F (relating to chemical weapons), section 831 (relating to nuclear materials),*

*(C) any act which is indictable under title 29, United States Code, section 186 (dealing with restrictions on payments and loans to labor organizations) or section 501 (c) (relating to embezzlement from union funds),*

*(D) any offense involving fraud connected with a case under title 11 (except a case under section 157 of this title), fraud in the sale of securities, or the felonious manufacture, importation, receiving, concealment, buying, selling, or otherwise dealing in a controlled substance or listed chemical (as defined in section 102 of the Controlled Substances Act), punishable under any law of the United States,*

*(E) any act which is indictable under the Currency and Foreign Transactions Reporting Act,*

*(F) any act which is indictable under the Immigration and Nationality Act, section 274 (relating to bringing in and harboring certain aliens), section 277 (relating to aiding or assisting certain aliens to enter the United States), or section 278 (relating to importation of alien for immoral purpose) if the act indictable under such section of such Act was committed for the purpose of financial gain, or*

*(G) any act that is indictable under any provision listed in section 2332b (g)(5)(B);*

89.    Plaintiff demands that judgment be entered against Defendants, each and every one of them, jointly and severally, including an award of trebled damages as consistent with 18 U.S.C. § 1964(c), compensatory and actual damages,

reasonable attorneys' fees, pre-judgment interest, -interest, costs, and an award that this Court deems just and proper.

## COUNT III
## *Conduct and Participation in a RICO Enterprise through a Pattern of Racketeering Activity: 18 U.S.C. §§ 1961(5), 1962(c) (AGAINST ALL DEFENDANTS)*

90. Plaintiff realleges and incorporates by reference all prior paragraphs of this Complaint and paragraphs in the counts below as though set forth fully herein.

91. All Defendants did associate with a RICO enterprise of individuals who were associated in fact and who engaged in, and whose activities did affect, interstate and foreign commerce.

92. Likewise, all Defendants did conduct and/or participate, either directly or indirectly, in the conduct of the affairs of said RICO enterprise through a pattern of racketeering activity, all in violation of 18 U.S.C. §§ 1961(4), (5), (9), and 1962(c).

93. During the ten (10) calendar years preceding May 7, 2018, Defendants did cooperate jointly and severally in the commission of two (2) or more of the RICO predicate acts that are itemized in the RICO laws at 18 U.S.C. §§ 1961(1)(A) and (B), and did so in violation of the RICO law at 18 U.S.C. § 1962(c) (prohibited activities).

94. Plaintiff further alleges that all Defendants did commit two (2) or more of the offenses itemized above in a manner which they calculated and premeditated with intention to threaten continuity, i.e. a continuing threat of their respective racketeering activities, also in violation of the RICO law at 18 U.S.C. § 1962(c) supra.

95. Plaintiff demands that judgment be entered against Defendants, each and every one of them, jointly and severally, including an award of trebled damages as consistent with 18 U.S.C. § 1964(c), compensatory and actual damages, reasonable attorneys' fees, pre-judgment interest, -interest, costs, and an award that this Court deems just and proper.

**COUNT IV**
***Conspiracy to Engage in a Pattern of Racketeering Activity: 18 U.S.C. §§ 1961(5), 1962(d) (AGAINST ALL DEFENDANTS)***

96. Plaintiff repeats and realleges each and every allegation of the foregoing paragraphs as if fully set forth herein.

97. All Defendants did conspire to acquire and maintain an interest in a RICO enterprise engaged in a pattern of racketeering activity, in violation of 18 U.S.C. §§1962(b) and (d).

98. During the ten (10) calendar years preceding May 7, 2018, all Defendants did cooperate jointly and severally in the commission of two (2) or more of the predicate acts that are itemized at 18 U.S.C. §§ 1961(1)(A) and (B), in violation of 18 U.S.C. § 1962(d).

99. Plaintiff further alleges that all Defendants did commit two (2) or more of the offenses itemized above in a manner which they calculated and premeditated intentionally to threaten continuity, i.e. a continuing threat of their respective racketeering activities, also in violation of 18 U.S.C. § 1962(d) (prohibited activities).

100. All Defendant's violations of the foregoing provisions caused Plaintiff injury. This injury includes, but is not limited to, injury resulting from harm to Plaintiff's person, Defendant's theft of Plaintiff's personal property including his papers and computers, loss in the value of Plaintiff's trade secrets and business information, and harm to business as described above. Plaintiff is entitled to recover damages and the costs of suit under Va. Code Ann. § 18.2-152.12.

101. Plaintiff also demands that judgment be entered against Defendants, each and every one of them, jointly and severally, including an award of trebled damages as consistent with 18 U.S.C. § 1964(c), compensatory and actual damages, reasonable attorneys' fees, pre-judgment interest, interest, costs, and an award that this Court deems just and proper.

**COUNT V**
***Conspiracy to Commit Trespass to Chattels (VIRGINIA COMMON LAW) (AGAINST ALL DEFENDANTS)***

102. Plaintiff realleges and incorporates by reference all prior paragraphs of this Complaint and paragraphs in the counts below as though set forth fully herein.

103. Defendants were part of a common scheme in which they conspired and combined to access without authorization the Defendant's computer systems to steal confidential information, publicly disseminate the stolen information, and use that stolen and publicly disclosed information for the common purpose of denigrating the Defendant these actions constituted an exercise of wrongful dominion over Plaintiff's computers and computer system and private email accounts.

104. Pursuant to, and in furtherance of, this common scheme, Defendants conspired to commit the unlawful acts described herein, including acts that constitute trespass.

105. Pursuant to, and in furtherance of, this common scheme, each Defendant committed overt acts, including arranging meetings between the co-conspirators, encouraging and planning for the scheme to occur, stealing the Defendant's private, confidential, information, and releasing that information, without permission, to the public. These overt acts caused Plaintiff injury and damages, as discussed supra.

106. All of the named Defendants aided and abetted in the unlawful acts described herein as part of and furtherance of a common scheme, and each of these Defendants knowingly and substantially assisted the common scheme and was generally aware of his role as part of an overall common scheme. Accordingly, the actions of Defendants constitute a conspiracy to trespass.

107. As a result, Plaintiff has suffered a diminution in the value of his property, and is entitled to damages.

**COUNT VI**
***RICO (18 U.S.C. § 1962(C))***
***(AGAINST ALL DEFENDANTS)***

108. Plaintiff realleges and incorporates by reference all prior paragraphs of this Complaint and paragraphs in the counts below as though set forth fully herein.

109. Defendants are all "persons" within the meaning of 18 U.S.C. §

1961(3). At all relevant times, Defendants conducted the affairs of an Enterprise—which affected interstate and foreign commerce—through a pattern of racketeering activity, in violation of 18 U.S.C. § 1962(c).

110. Defendant Equifax, Inc. was a Racketeering Enterprise, as that term is used in 18 U.S.C. § 1961(4).

111. The corporation charter of Defendant Equifax, Inc., and its Annual Reports, SEC form 10-K, filed and signed by Defendant Smith, infringe upon the rights, privileges, and powers reserved and/or guaranteed to the Plaintiff by the Constitution of the United States of America.

112. Defendant Equifax, Inc. had an ongoing organizational framework for carrying out its objectives.

113. As described above, each Defendant participated in the operation or management of the Enterprise.

114. Because Equifax, Inc. expended dollars on the violation of Plaintiff's guaranteed rights, it affected interstate and foreign commerce.

115. Each Defendant conducted and/or participated in the affairs of the Enterprise through a pattern of racketeering activity, including acts indictable under 18 U.S.C. § 1831 (economic espionage); and 18 U.S.C. § 1832 (theft of trade secrets).

116. The Defendant Equifax, Inc. directed, induced, urged, and/or encouraged Lemasters and Lopez to engage in this conduct stated herein and/or to

provide with Plaintiff's s name and trade secrets, with the expectation that would disseminate those secrets and increase the Equifax, Inc. chance of damaging and injuring the Plaintiff.

117. As described above, each Defendant participated in the operation or management of the enterprise and each Defendant benefited financially from the enterprise.

118. Plaintiff has been injured in its business and property by Defendants' violation of 18 U.S.C. § 1962(c). Defendants caused enormous harm to Plaintiff's business, as described above, and to Plaintiff's data, software, computers and servers. All of these injuries occurred within the United States.

**COUNT VII**
***Fraud by wire, radio, or television (18 U.S. Code § 1343)***
***(AGAINST ALL THE DEFENDANTS)***

119. Plaintiff realleges and incorporates by reference all prior paragraphs of this Complaint and paragraphs in the counts below as though set forth fully herein.

120. 18 U.S. Code § 1343 - Fraud by wire, radio, or television, states: Whoever, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, transmits or causes to be transmitted by means of wire, radio, or television communication in interstate or foreign commerce, any writings, signs, signals, pictures, or sounds for the purpose of executing such scheme or artifice, shall be fined under this title or imprisoned not more than 20 years, or both. If the violation occurs in relation to, or involving any benefit

authorized, transported, transmitted, transferred, disbursed, or paid in connection with, a presidentially declared major disaster or emergency (as those terms are defined in section 102 of the Robert T. Stafford Disaster Relief and Emergency Assistance Act (42 U.S.C. 5122)), or affects a financial institution, such person shall be fined not more than $1,000,000 or imprisoned not more than 30 years, or both.[13]

123. Plaintiff has been injured in its business and property by Defendants' violation of 18 U.S.C. Section 1343 - Fraud by wire, radio, or television

124. Defendants caused enormous harm to Plaintiff's business, as described above and herein and to Plaintiff's property, computers, data, and servers.

125. All of these injuries occurred within the United States.

**COUNT VIII**
***Mail Fraud (18 U.S.C. Section 1341)***
***(AGAINST ALL THE DEFENDANTS)***

126. Plaintiff realleges and incorporates by reference all prior paragraphs of this Complaint and paragraphs in the counts below as though set forth fully herein.

127. There are two elements in mail fraud: (1) having devised or intending to devise a scheme to defraud (or to perform specified fraudulent acts), and (2) use of the mail for the purpose of executing, or attempting to execute, the scheme (or specified fraudulent acts)." See *Schmuck v. United States*, 489 U.S. 705, 721 n. 10 (1989); *see also Pereira v. United States*, 347 U.S. 1, 8 (1954) ("The elements of the

---

[13] Added July 16, 1952, ch. 879, § 18(a), 66 Stat. 722; amended July 11, 1956, ch. 561, 70 Stat. 523; Pub. L. 101–73, title IX, § 961(j), Aug. 9, 1989, 103 Stat. 500; Pub. L. 101–647, title XXV, § 2504(i), Nov. 29, 1990, 104 Stat. 4861; Pub. L. 103–322, title XXXIII, § 330016(1)(H), Sept. 13, 1994, 108 Stat. 2147; Pub. L. 107–204, title IX, § 903(b), July 30, 2002, 116 Stat. 805; Pub. L. 110–179, § 3, Jan. 7, 2008, 121 Stat. 2557.

offense of mail fraud under . . . § 1341 are (1) a scheme to defraud, and (2) the mailing of a letter, etc., for the purpose of executing the scheme."); Laura A. Eilers & Harvey B. Silikovitz, *Mail and Wire Fraud*, 31 Am. Crim. L. Rev. 703, 704 (1994) (cases cited).

128. Defendants committed mail fraud in support of the criminal enterprise in order to keep and maintain personal financial gain.

129. Defendants committed mail fraud in support of the criminal enterprise.

130. Plaintiff has been injured in its business and property by the violation of 18 U.S.C. Section 1341—Mail Fraud by the Defendants.

131. Defendants caused enormous harm to Plaintiff's business, as described above and to Plaintiff's computers, data and servers.

132. All of these injuries occurred within the United States.

**COUNT IX**
***RICO CONSPIRACY (18 U.S.C. § 1962(D))***
***(AGAINST ALL DEFENDANTS)***

133. Plaintiff realleges and incorporates by reference all prior paragraphs of this Complaint and paragraphs in the counts below as though set forth fully herein.

134. Defendants conspired with each other to violate 18 U.S.C. § 1962(d).

135. Defendants knowingly agreed, combined, and conspired to conduct the affairs of the Enterprise or the through a cyber-espionage operation.

136. Each Defendant agreed that the operation would involve repeated

violations of 18 U.S.C. § 1831 (economic espionage); and 18 U.S.C. § 1832 (theft of trade secrets).

137. Defendants' conspiracy to violate 18 U.S.C. § 1962(c) violated § 1962(d).

138. Plaintiff has been injured in his business or property by Defendants' violation of 18 U.S.C. § 1962(d).

139. Plaintiff has been injured in its business and property by Defendants' violation of 18 U.S.C. § 1962(c).

140. Defendants caused enormous harm to Plaintiff's business, as described above, and to Plaintiff's computers and servers. All of these injuries occurred within the United States.

**COUNT X**
***DIGITAL MILLENNIUM COPYRIGHT ACT (17 U.S.C. § 1201 ET SEQ.)***
***(AGAINST ALL DEFENDANTS)***

141. Plaintiff realleges and incorporates by reference all prior paragraphs of this Complaint and paragraphs in the counts below as though set forth fully herein.

142. Plaintiff's computer networks and files contained information subject to protection under the copyright laws of the United States, including secret business plans, strategy, and data that was illegally accessed without authorization by Equifax, Inc., and/or agents of the Equifax, Inc.

143. Access to the private material contained on Plaintiff's computer, computer networks, and email was controlled by technological measures, including

measures restricting remote access, firewalls, and measures restricting access to users with valid credentials and passwords.

144. In violation of 17 U.S.C. § 1201(a), Defendant Equifax, Inc. circumvented these technological measures by stealing credentials from authorized users, conducting a "password dump" to unlawfully obtain passwords to the system controlling access to the Plaintiff computer domains, in support of the criminal enterprise.

145. The conduct of Equifax, Inc. caused Plaintiff significant damages. These damages include, but are not limited to, damage resulting from harm to Plaintiff's computers and servers, loss in the value of the Plaintiff's trade secrets and business information, and harm to business as described above. Plaintiff is entitled to the greater of its actual damages or statutory damages as provided by 17 U.S.C. § 1203, in an amount to be proven at trial.

146. Plaintiff is entitled to an award of attorney's' fees and costs as provided by 17 U.S.C. § 1203.

**COUNT XI**
***WASHINGTON D.C. UNIFORM TRADE SECRETS ACT (D.C. CODE ANN. §§ 36-401 – 46-410) (AGAINST ALL DEFENDANTS)***

147. Plaintiff realleges and incorporates by reference all prior paragraphs of this Complaint and paragraphs in the counts below as though set forth fully herein.

148. The District of Columbia expressly empowers a party to recover damages for misappropriation of a trade secret.

149. The documents that Defendants exfiltrated from the Plaintiff's computer systems include trade secrets under District of Columbia law, as discussed above, and in keeping with the definition of trade secrets under District of Columbia law: information, including a formula, pattern, compilation, program, device, method, technique, or process, that: (A) Derives actual or potential independent economic value, from not being generally known to, and not being readily ascertainable by, proper means by another who can obtain economic value from its disclosure or use; and (B) Is the subject of reasonable efforts to maintain its secrecy. D.C. Code Ann. § 36-401(2).

150. This information derived an actual independent economic value by remaining confidential and private, and not being readily ascertainable to others. Plaintiff takes and has taken reasonable measures to keep such information secret, as discussed supra.

151. Each Defendant disclosed, received, and used these misappropriated trade secrets without Plaintiff's consent, knowing or having reason to now that the trade secrets were acquired by improper means.

152. As a direct consequence of Defendants' misappropriation, Plaintiff has suffered damages for actual loss and from Defendants' unjust enrichment. These damages include, but are not limited to, damage resulting from harm to Plaintiff's computers and servers, loss in the value of Plaintiff's trade secrets and business information, and harm to business as described above.

153. Defendants' misappropriation of Plaintiff's trade secrets was willful

and malicious. Accordingly, Plaintiff is entitled to exemplary damages in an amount up to twice actual damages awarded, as well as attorneys' fees and costs.

**COUNT XII**
***VIOLATION OF THE VIRGINIA COMPUTER CRIMES ACT***
***(VA. CODE ANN. § 18.2-152.5 ET SEQ.)***
***(AGAINST ALL DEFENDANTS)***

154. Plaintiff realleges and incorporates by reference all prior paragraphs of this Complaint and paragraphs in the counts below as though set forth fully herein.

155. Defendants used Plaintiff's computers and computer networks without authority, obtained property by false pretenses, and converted Plaintiff's property in violation of Va. Code Ann. § 18.2-152.3.

156. Defendants, with malicious intent:

a. temporarily or permanently removed, halted, or otherwise disabled computer data, computer programs or computer software from the Plaintiff's computer or computer network, in violation of Va. Code Ann. § 18.2-152.4(1);

b. caused the Plaintiff's computers to malfunction, in violation of Va. Code Ann.§ 18.2-152.4(2);

c. altered, disabled, or erased computer data, computer programs or computer software, in violation of Va. Code Ann. § 18.2-152.4(3);

d. used a computer or computer network to make or cause to be made an unauthorized copy of computer data, computer programs or computer software residing in, communicated by, or produced by a computer or computer network , in violation of Va. Code Ann. § 18.2-152.4(6);

e. installed or caused to be installed, or collected information through, an elogger on the Plaintiff's computers and, without their authorization, in violation of Va. Code. Ann. § 18.2-152.4(8).

157. Defendants used a computer or computer network and intentionally examined without authority employment, credit, financial, or identifying information relating to other persons, in violation of in Va. Code. Ann. § 18.2-152.5.

158. Each Defendant knowingly aided, abetted, encouraged, induced, instigated, contributed to and assisted in the violation of Va. Code Ann.§ 18.2-152.3, § 18.2-152.4, and § 18.2-152.5.

159. Defendants' violations of the foregoing provisions caused Plaintiff injury. This injury includes, but is not limited to, injury resulting from harm to Plaintiff's computers and servers, loss in the value of Plaintiff's trade secrets and business information, and harm to business as described above. Plaintiff is entitled to recover damages and the costs of suit under Va. Code Ann. § 18.2-152.12.

**COUNT XIII**
***THE PRIVACY ACT (5 U.S.C. § 552a)***
***(AGAINST ALL DEFENDANTS)***

160. Plaintiff realleges and incorporates by reference all prior paragraphs of this Complaint and paragraphs in the counts below as though set forth fully herein.

161. The right to privacy most often is protected by statutory law. The right to privacy refers to the concept that one's personal information is protected from public scrutiny. U.S. Justice Louis Brandeis called it "the right to be left alone."

162. Defendants shared Plaintiff's name and private information without Plaintiff's consent.

163. Defendants sold Plaintiff's private information without Plaintiff's consent. [14]

164. Each Defendant knowingly aided, abetted, encouraged, induced, instigated, contributed to and assisted in the violation of 5 U.S.C. § 552a (The Privacy Act).

165. All Defendants' violations of the foregoing provisions caused Plaintiff injury. This injury includes, but is not limited to, injury resulting from harm to Plaintiff's computers and servers, loss in the value of Plaintiff's trade secrets and business information, and harm to business as described above. Plaintiff is entitled to recover damages and the costs of suit under U.S. law and Va. Code Ann. § 18.2-152.12.

## COUNT XIV
## *UNAUTHORIZED USE OF PLAINTIFF'S NAME (VIRGINIA COMMON LAW) (AGAINST ALL DEFENDANTS)*

166. Plaintiff realleges and incorporates by reference all prior paragraphs of this Complaint and paragraphs in the counts below as though set forth fully herein.

167. The tort is defined as the Defendants acting abominably or outrageously with the intention of causing the Plaintiff to suffer harm.

---

[14] Defendant Equifax, Inc, sold Plaintiff's private information to the United States Department of Treasury, Internal Revenue Service.

168. Defendant's actions were both extreme and outrageous and caused the Plaintiff to suffer physical harm.

169. Defendant's actions caused the Plaintiff injury described heretofore.

170. As a result, Plaintiff suffered injuries and is entitled to damages.

**COUNT XV**

***DEPRIVATION OF RIGHTS UNDER COLOR OF LAW***
***(18 U.S. Code § 242 )***
***(AGAINST ALL DEFENDANTS)***

171. Plaintiff realleges and incorporates by reference all prior paragraphs of this Complaint and paragraphs in the counts below as though set forth fully herein.

172. Section 242 of Title 18 makes it a crime for a person acting under color of any law to willfully deprive a person of a right or privilege protected by the Constitution or laws of the United States.

173. 18 U.S. Code § 242 (Deprivation of rights under color of law) states: If two or more persons conspire to injure, oppress, threaten, or intimidate any person in any State, Territory, Commonwealth, Possession, or District in the free exercise or enjoyment of any right or privilege secured to him by the Constitution or laws of the United States, or because of his having so exercised the same; or If two or more persons go in disguise on the highway, or on the premises of another, with intent to prevent or hinder his free exercise or enjoyment of any right or privilege so secured—They shall be fined under this title or imprisoned not more than ten years, or both; and if death results from the acts committed in violation of this section or if such acts include kidnapping or an attempt to kidnap, aggravated sexual abuse or

an attempt to commit aggravated sexual abuse, or an attempt to kill, they shall be fined under this title or imprisoned for any term of years or for life, or both, or may be sentenced to death.

175. Each Defendant knowingly aided, abetted, encouraged, induced, instigated, contributed to and assisted in the violation of 18 U.S. Code § 242 (Deprivation of Rights Under Color of Law)

176. Each Defendant has violated the U.S. Constitution and knowingly violated the foregoing provisions and caused Plaintiff injury. This injury includes, but is not limited to, injury resulting from harm to Plaintiff's loss of his good credit, personal data on papers, computers, software, inventions and servers, loss in the value of Plaintiff's reputation and business information, and harm to business as described above. Plaintiff is entitled to recover damages and the costs of this suit under U.S. law and Va. Code Ann. § 18.2-152.12.

**COUNT XVI**
**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**
***(VIRGINIA COMMON LAW) (AGAINST ALL DEFENDANTS)***

177. Plaintiff realleges and incorporates by reference all prior paragraphs of this Complaint and paragraphs in the counts below as though set forth fully herein.

178. The tort of intentional infliction of emotional distress is defined as the Defendant acting abominably or outrageously with the intention of causing the Plaintiff to suffer severe emotional distress.

179. Defendant's actions were both extreme and outrageous and caused the

Plaintiff to suffer physical harm.

180.    The tort of intentional infliction of emotional distress has four elements: (1) the Defendant must act intentionally or recklessly; (2) the Defendant's conduct must be extreme and outrageous; and (3) the conduct must be the cause (4) of severe emotional distress. [15]

181.    Defendant's actions met all four elements described heretofore.

182.    As a result, Plaintiff suffered injuries and is entitled to damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against Defendants each and every one of them on all Counts, and see such relief as specified below for all Counts for which such relief is provided by law:

a)     Awarding Plaintiff damages in an amount to be determined, including but not limited to all damages and losses suffered by Plaintiff as a result of the illegal hacking, identity theft, and the subsequent release of Plaintiff's name and confidential data and documents and remediation related thereto;

b)     Awarding Plaintiff compensatory and treble damages, as available, in an amount to be proven at trial;

c)     Awarding Plaintiff the financial gain earned by Defendants as a consequence of the violations described herein;

d)     Awarding Plaintiff statutory damages, as available;

---

[15] See Hyatt, 943 S.W.2d at 297 and Restatement (Second) of Torts section 46 cmt. d (1965).

e)      Awarding Plaintiff punitive damages, as available;

f)      Issuing a declaration that: Defendants, according to proof, conspired to and did engage in a common scheme to effect the illegal and unauthorized hacking of Plaintiff's computer systems and/or personal emails and the exfiltration of confidential information; disseminated that stolen information to the public; and used that disclosed stolen information for person gain;

g)      Issuing an injunction restraining Defendants and their officers, agents, servants, employees, assigns, and those acting in active concert or participation with them from the following: *1. Accessing Plaintiff's computer networks and/or personal emails without Plaintiff's authorizations; 2. Engaging in any activity that disrupts, diminishes the quality of, interferes with the performance of, or impairs the functionality of Plaintiff's computer networks or personal emails; and 3. Selling, publishing, distributing or using any property or information obtained from Plaintiff's computer networks or personal emails without Plaintiff's written consent and authorization; and 4. Removing, extracting, or copying any information or data from Plaintiff's property, computers, software or personal emails without Plaintiff's written consent and authorization;*

h)      Awarding Plaintiff all costs and attorneys' fees to the full extent permitted under the applicable law;

i)      Awarding Plaintiff pre-and post-judgment interest as permitted by law;

j)      Awarding the Plaintiff his Insurance Claim in lawful money;

k) An order pursuant to 12 U.S.C. § 411 that Defendants nunc pro tunc, comply with Plaintiff's demand for lawful money for all Claims;

l) An order pursuant 18 U.S.C. § 1961 et seq. declaring Defendant Equifax, Inc. a criminal enterprise;

m) An order to the Internal Revenue Service to audit the Defendant Equifax, Inc., for money laundering;

n) An Order declaring all Defendants harmed the Plaintiff under Count XVI, and to pay Plaintiff $25 Million U.S Dollars in damages for these said injuries in Count XVI, net of all taxes.

o) Any other relief the Court deems just or proper.

Date: May 12, 2018.

**JURY DEMANDED**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury in this action of all issues so triable.

Respectfully submitted,

s/ *Edward T. Kennedy*

Edward T. Kennedy
401 Tillage Road
Breinigsville, Pennsylvania 18031
pillar.of.peace.2017@protonmail.com
kennedy2018@alumni.nd.edu
Telephone: 415-2751244
Fax: 570-6091810.

Notice of a Constitutional Question to Pennsylvania Attorney General Shapiro forthcoming.

**CERTIFICATE OF SERVICE**

I hereby certify that on May 12, 2018, I filed the foregoing Plaintiff's First Amended Complaint with the Clerk of Court for this U.S. District Court by USPS regular mail and sent via USPS regular mail and fax to the following:

John J. Kelley, Chief Legal Officer
EQUIFAX, INC.
1550 Peachtree Street, N.W.
Atlanta, GA 30309
Fax: 404-885-8682

RICHARD F. SMITH, in his official and individual capacities
1550 Peachtree Street, N.W.
Atlanta, GA 30309
Fax: 404-885-8682

Gregory Joseph DeChurch, General Counsel
AMERICAN BANKERS INSURANCE COMPANY OF FLORIDA
11222 Quail Roost Drive
Miami, FL 33157
Fax: 305-252-6987

BARBARA LOPEZ, in her official and individual capacities,
AMERICAN BANKERS INSURANCE COMPANY OF FLORIDA
11222 Quail Roost Drive
Miami, FL 33157
Fax: 305-252-6987

STEVEN CRAIG LEMASTERS, in his official and individual capacities
AMERICAN BANKERS INSURANCE COMPANY OF FLORIDA
11222 Quail Roost Drive
Miami, FL 33157
Fax: 305-252-6987

s/ *Edward T. Kennedy*

Edward T. Kennedy
Plaintiff, on his own behalf.

Edward Kenne
age Road
sville, PA 18031

UNITED STATES POSTAL SERVICE
1000
18101

U.S. POSTAGE
PAID
BREINIGSVILLE, PA
18031
MAY 12, 18
AMOUNT
$2.68
R2305K137298-05

U.S.M.S.
X-RAY

Clerk's Office, Allentown
US District Court
ED of Pa
504 W. Hamilton Street
Suite 1601
Allentown PA 18101