# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **EDWARD T. KENNEDY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **CIVIL ACTION NO.: 5:18-cv-00214-JLS** |
| **v.** | ) | |
| | ) | |
| **EQUIFAX, INC.; RICHARD F. SMITH,** | ) | |
| **IN HIS OFFICIAL AND INDIVIDUAL** | ) | |
| **CAPACITIES; AMERICAN BANKERS** | ) | |
| **INSURANCE COMPANY OF FLORIDA,** | ) | |
| **A STOCK INSURANCE COMPANY;** | ) | |
| **BARBARA LOPEZ, IN HER OFFICIAL** | ) | |
| **AND INDIVIDUAL CAPACITIES; and** | ) | |
| **STEVEN CRAIG LEMASTERS; IN HIS** | ) | |
| **OFFICIAL AND INDIVIDUAL** | ) | |
| **CAPACITIES,** | ) | |
| | ) | |
| **Defendants.** | | |

## DEFENDANT RICHARD F. SMITH'S BRIEF IN SUPPORT OF MOTION TO DISMISS FOR INSUFFICIENT SERVICE OF PROCESS

Defendant, Richard F. Smith ("Smith"), hereby files his Motion to Dismiss for Insufficient Service of Process, as follows:

## INTRODUCTION

On February 28, 2018, Plaintiff filed suit against Defendants alleging, *inter alia*, violations of 18 U.S.C. § 1961 *et seq*. (the "Racketeer Influenced and Corrupt Organizations Act" or "RICO"). (ECF No. 4). On April 12, 2018, the Court, *sua sponte*, ordered the case dismissed for failure to prosecute. (ECF No. 5). This Court subsequently re-opened the case on April 30, 2018, and Plaintiff filed his First Amended Complaint on May 14, 2018. (ECF No. 9). On June 27, 2018, Plaintiff served the summons on Janise Jordan on behalf of Equifax Inc. ("Equifax"). (ECF No. 17). Plaintiff similarly attempted to effect service on Janise Jordan and/or

1

Equifax Inc. on behalf of Richard F. Smith[1]; however, neither Equifax Inc. nor Janise Jordan is Smith's agent, and neither had authority to accept service on Smith's behalf. (*See* Declaration of Jessica Spurlock, attached hereto as Exhibit "A"). To date, Plaintiff has made no further attempt to properly serve Smith.

Because Plaintiff filed the First Amended Complaint in this action on May 14, 2018, and Smith did not waive service, proper service upon Smith should have been accomplished by no later than August 12, 2018. Thus, the First Amended Complaint is due to be dismissed because Plaintiff failed to serve Smith within the time prescribed by the Federal Rules of Civil Procedure.

## STANDARD

Pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure, a defendant can move to dismiss for "insufficient service of process." Fed. R. Civ. P. 12(b)(5). A Rule 12(b)(5) motion may challenge the method or timeliness of service. *Id.* On a 12(b)(5) motion arguing insufficient service of process, plaintiff bears the burden of proving adequate service of process. *See Grand Entm't Grp., Ltd. v. Star Media Sales, Inc.*, 988 F.2d 476, 488 (3d Cir. 1993). Smith's request for an extension of time to answer the Complaint did not waive his challenges to the sufficiency of service of process. *See Fisher v. Merryman*, 32 F. App'x 721, 723 (6th Cir. 2002) (explaining that defendant did not waive the defense of lack of service by appearing in court to move for an extension of time in which to answer the complaint because the motion was not a responsive pleading). If service is not completed within 90 days, the Court must dismiss the action or order that service be made within a specified time. Fed. R. Civ. P. 4(m).

## ARGUMENT & CITATION TO AUTHORITY

As an initial matter, Plaintiff's only attempt at service was improper because no evidence

---

[1] Richard F. Smith is no longer an employee of Equifax Inc.

demonstrates that Janise Jordan had authority to accept service on Smith's behalf. *See Ballard v. PNC Fin. Servs. Grp., Inc.*, 620 F. Supp. 2d 733, 735 (S.D. W. Va. 2009) (explaining that "if undisputed evidence shows that the person upon whom process was served is not the agent of the defendant and is not authorized to receive service of process issued against such defendant, the motion to quash service and to dismiss the defendant from the action should be granted.") (citation omitted). Thus, Plaintiff's claims against Smith should be dismissed because service was untimely.

It is not sufficient that Smith may have actual notice of the suits; rather Plaintiff must comply with the plain requirements of Rule 4(m). *Scott v. Md. State Dep't of Labor*, 673 F. App'x 299, 304 (4th Cir. 2016); *accord Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347 (1999) ("An individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, and brought under the court's authority, by formal process."); *Williams v. GEICO Corp.*, 792 F. Supp. 2d 58, 65 (D.D.C. 2011) ("proper service of process 'is not some mindless technicality.'") (citing *Friedman v. Estate of Presser*, 929 F.2d 1151, 1156 (6th Cir. 1991)).

Here, Plaintiff failed to comply with Rule 4(m)'s plain requirement to serve Smith within 90 days of filing its suit. *See* Fed. R. Civ. P. 4(m).  Plaintiff filed his Amended Complaint on May 14, 2018. Thus, pursuant to Fed. R. Civ. P. 4(m), Plaintiff was required to serve the summons and complaint on Smith by August 12, 2018—90 days from the commencement of this action. As of the day of this filing, there has still been no proper service of any documents on Smith. Further, Plaintiff cannot, and does not, present good cause for his delay in serving Smith. *Petrucelli v. Bohringer & Ratzinger*, 46 F.3d 1298, 1305-06 (3d Cir.1995) (explaining that good cause requires "a demonstration of good faith on the part of the party seeking enlargement and

3

some reasonable basis for noncompliance.") (citation omitted). Although Plaintiff may argue that his *pro se* status entitles him to leniency, this leniency "does not excuse a pro se plaintiff ... from pleading the essential elements of his claim." *Morris v. First Union Nat'l Bank*, No. CIV.A. 01-1953, 2002 WL 47961, at *2 (E.D. Pa. Jan. 14, 2002). "The right of self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law…. To hold that a pro se litigant's ignorance of Rule 4[(m) formerly Rule 4(j)] excuse[d] his compliance with the rule would automatically excuse his failure to service his defendants timely." *Kersh v. Derozier*, 851 F.2d 1509, 1512 (5th Cir. 1988) (citation omitted). Moreover, Plaintiff has not requested nor received from this Court an extension of time to complete service under Rule 4. As a result, the Court should dismiss Plaintiff's suit because Plaintiff has failed to effectuate proper service on Smith.

## CONCLUSION

For the reasons stated here, Defendant respectfully requests the Court grant its motion to dismiss and grant all other relief as the Court deems proper.

Respectfully submitted this 17th day of August, 2018.

s/ Austin Evans
Austin Evans
PA ID No. 201152
King & Spalding LLP
1180 Peachtree St. NE
Atlanta, GA 30309
Phone: 404-572-4600
Fax: 404-572-5100
aevans@kslaw.com

ATTORNEY FOR DEFENDANT
EQUIFAX INC.

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 17, 2018, I electronically filed **DEFENDANT RICHARD F.**

**SMITH'S BRIEF IN SUPPORT OF MOTION TO DISMISS FOR INSUFFICIENT**

**SERVICE OF PROCESS** with the Clerk of the Court using the CM/ECF system, and I have

served a copy on the following by causing a copy of the same to be deposited in the United

States Mail, postage prepaid and addressed as follows:

>Edward T. Kennedy
>401 Tillage Rd.
>Breinigsville, PA 18031

>s/ Austin Evans
>Austin Evans