**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **EDWARD T. KENNEDY,** | **)** | |
| | **)** | |
| **Plaintiff,** | **)** | |
| | **)** | **CIVIL ACTION NO.: 5:18-cv-00214-JLS** |
| **v.** | **)** | |
| | **)** | |
| **EQUIFAX INC.; RICHARD F. SMITH, IN HIS OFFICIAL AND INDIVIDUAL CAPACITIES; AMERICAN BANKERS INSURANCE COMPANY OF FLORIDA, A STOCK INSURANCE COMPANY; BARBARA LOPEZ, IN HER OFFICIAL AND INDIVIDUAL CAPACITIES; and STEVEN CRAIG LEMASTERS; IN HIS OFFICIAL AND INDIVIDUAL CAPACITIES,** | **)** | |
| | **)** | |
| **Defendants.** | **)** | |

**BRIEF IN SUPPORT OF DEFENDANT EQUIFAX INC.'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM**

**TABLE OF CONTENTS**

INTRODUCTION ....................................................................................................................1
STANDARD............................................................................................................................1
ARGUMENT & CITATION TO AUTHORITY ..........................................................................2

I. Plaintiff's Complaint Should Be Dismissed Because It Fails to Allege Sufficient Facts to State A Cause of Action Under RICO..................................................2

A. Plaintiff Fails to Adequately Allege That Equifax "Participated" in a RICO "Enterprise"...........................................................................................3
B. Plaintiff Fails to Adequately Allege That Equifax Committed Any RICO Predicate Acts ..........................................................................................4
C. Plaintiff Fails to Adequately Allege a RICO Conspiracy.............................................6
D. The Complaint Fails to Allege Facts Sufficient to Support Proximate Causation of Any of Plaintiff's Alleged Injuries by Equifax .......................................8

II. Counts VII, VIII, and X of Plaintiff's Complaint Should Be Dismissed Because They Are Wholly Conclusory, Legal Conclusions And Thus Fail to State a Claim ...........9
III. Counts I, V, XI, XII, XIII, XV, XIV, and XVI Should Be Dismissed Because Plaintiff Lacks Standing to Assert These Claims ..........................................10

CONCLUSION.......................................................................................................................11

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Alfaro v. E.F. Hutton & Co.*,
606 F. Supp. 1100 (E.D. Pa. 1985) ....................7

*Am. Dental Ass'n v. Cigna Corp.*,
605 F.3d 1283 (11th Cir. 2010) ....................8

*Anza v. Ideal Steel Supply Corp.*,
547 U.S. 451 (2006) ....................9

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) ....................2, 10

*Beck v. Prupis*,
529 U.S. 494 (2000) ....................8

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007) ....................1, 2, 10

*Bonner v. Henderson*,
147 F.3d 457 (5th Cir. 1998) ....................3

*Constitution Bank v. DiMarco*,
815 F. Supp. 154 (E.D. Pa. 1993) ....................5

*Davidson v. Wilson*,
763 F. Supp. 1470 (D. Minn. 1991) ....................7

*Efron v. Embassy Suites, Inc.*,
223 F.3d 12 (1st Cir 2000) ....................3

*GE Inv. Private Placement Partners II v. Parker*,
247 F.3d 543 (4th Cir. 2001) ....................3

*H.J. Inc. v. Nw. Bell Tel. Co.*,
492 U.S. 229 (1989) ....................5

*Holmes v. Securities Investor Prot. Corp.*,
503 U.S. 258 (1992) ....................8

*James v. Meow Media, Inc.*,
90 F. Supp 2d 798 (W.D. Ky. 2000), *aff'd*, 300 F.3d 683 (6th Cir. 2002) ....................4

*Kirschner v. Cable/Tel Corp.*,
576 F. Supp. 234 (E.D. Pa. 1983) ....................7

*Levy v. Keystone Food Prod.*,
No. CIV. A. 07-5502, 2008 WL 4115856 (E.D. Pa. Aug. 28, 2008) ....................11

*McCulloch v. PNC Bank Inc.*,
298 F.3d 1217 (11th Cir. 2002) ....................3

*McCullough v. Zimmer, Inc.*,
382 F. App'x 225 (3d Cir. 2010) ....................7

*Miranda v. Ponce Fed. Bank*,
948 F.2d 41 (1st Cir. 1991) ....................2

*O'Malley v. O'Neill*,
887 F.2d 1557 (11th Cir. 1989) ....................7

*Pierce v. Montgomery Cty. Opportunity Bd., Inc.*,
884 F. Supp. 965 (E.D. Pa. 1995) ....................9

*Republic of Panama v. BCCI Holdings (Luxembourgh) S.A.*,
119 F.3d 935 (11th Cir. 1997) ....................7

*Reves v. Ernest & Young*,
507 U.S. 170 (1993) ....................4

*Salinas v. United States*,
522 U.S. 52 (1997) ....................6

*Sarpolis v. Tereshko*,
26 F. Supp. 3d 407, 420 (E.D. Pa. 2014) ....................6

*Sedima S.P.R.L. v. Imrex Co.*,
473 U.S. 479 (1985) ....................8

*Snyder v. I.R.S.*,
596 F. Supp. 240 (N.D. Ind. 1984) ....................11

*Thomas v. Metro. Life Ins. Co.*,
540 F. Supp. 2d 1212 (W.D. Okla. 2008) ....................11

*Trautz v. Weisman*,
809 F. Supp. 239 (S.D.N.Y. 1992) ....................8

*United States ex rel. Clausen v. Lab. Corp. of Am., Inc.*,
290 F.3d 1301 (11th Cir. 2002) ....................5, 9

*United States v. City of Philadelphia*,
482 F. Supp. 1248 (E.D. Pa. 1979) ....................11

*United States v. Goldin Indus., Inc.*,
219 F.3d 1268 (11th Cir. 2000) ....................4

*United States v. Turkette*,
452 U.S. 576 (1981)....................4

*Universal City Studios, Inc. v. Reimerdes*,
111 F. Supp. 2d 294 (S.D.N.Y.)....................10

**Statutes**

5 U.S.C. § 552....................11

18 U.S.C. § 242....................11

18 U.S.C. § 371....................5

18 U.S.C. § 1001....................5

18 U.S.C. § 1341....................5, 9

18 U.S.C. § 1343....................9

18 U.S.C. § 1519 (2) ....................5

18 U.S.C. § 1961....................5

18 U.S.C. § 1961(1) ....................5

18 U.S.C. § 1962(c) ....................3, 4

18 U.S.C. § 1964(c) ....................8, 9

18 U.S.C. § 2071 and § 371 (3) ....................5

**Other Authorities**

Fed. R. Civ. P. 8....................9

Fed. R. Civ. P. 8(a)(2)....................10

Fed. R. Civ. P. 9(b) ....................5, 6, 9

Fed. R. Civ. P. 12(b)(6)....................1, 2, 7

## INTRODUCTION

Defendant Equifax Inc. ("Equifax") hereby files its Brief in Support of its concurrently filed Motion to Dismiss Plaintiff's First Amended Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

The First Amended Complaint ("Complaint," ECF No. 10) purports to state sixteen causes of action against all defendants, five of which relate to Defendants' alleged violation of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961 et seq. ("RICO"). In Count II, III, IV, VI, and IX of the Complaint, Plaintiff alleges that Equifax and the named defendants conspired to conduct the affairs of a "cyber-espionage" enterprise through a pattern of racketeering activity in violation of RICO. Complaint ¶¶ 82-101; 108-118; 133-140. In the remaining eleven Counts of the Complaint, Plaintiff alleges additional claims related to the purported "cyber-espionage."

As explained herein, Count II, III, IV, VI, and IX do not set forth viable claims under RICO. These claims fail because Plaintiff's claims are wholly conclusory and do not fit the mold of a "racketeering" case. Counts VII, VIII, and X similarly set forth conclusory, unsubstantiated assertions. Counts I, V, XI, XII, XIV, and XVI are claims raised under Virginia and D.C. law for which Plaintiff, a Pennsylvania citizen, lacks standing. Additionally, Count XIII only applies to federal agencies. Finally, Count XV does not provide Plaintiff a civil remedy. Thus, Equifax respectfully requests the Court dismiss Plaintiff's Complaint in its entirety, with prejudice.

## STANDARD

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570

(2007)). The plausibility standard requires a plaintiff to show at the pleading stage that success on the merits is more than a "sheer possibility." *Id.* The court must take Plaintiff's well-pled factual allegations as true; however, Plaintiff must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (citing *Twombly*, 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. . . . Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (internal citation omitted).

Although detailed factual allegations are not required, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal citations omitted).

In particular, Courts addressing alleged RICO violations have reinforced that a Plaintiff must allege with specificity sufficient facts to state a claim in order to withstand a motion to dismiss. *See Miranda v. Ponce Fed. Bank*, 948 F.2d 41, 44 (1st Cir. 1991) (noting that because a civil RICO claim is "an unusually potent weapon … to avert dismissal under Rule 12(b)(6), a civil RICO complaint must, at a bare minimum, state facts sufficient to portray (i) specific instances of racketeering activity within the reach of the RICO statute and (ii) a causal nexus between that activity and the harm alleged."). Plaintiff has not met his burden.

## ARGUMENT & CITATION TO AUTHORITY

### I. Plaintiff's Complaint Should Be Dismissed Because It Fails to Allege Sufficient Facts to State A Cause of Action Under RICO

This Court should dismiss Plaintiff's Complaint because it fails to state a claim upon which relief can be granted as a matter of law. The elements of a RICO action are well settled.

"To state a RICO claim, a plaintiff must plead (1) that the defendant (2) through the commission of two or more acts (3) constitution a 'pattern' (4) of 'racketeering activity' (5) directly or indirectly invests in, or maintains an interest in, or participates in (6) an 'enterprise' (7) the activities of which affect interstate or foreign commerce." *McCulloch v. PNC Bank Inc.*, 298 F.3d 1217, 1225 (11th Cir. 2002) (quoting 18 U.S.C. §§ 1962(a)-1962(c)).

Here, the Complaint must be dismissed because Plaintiff has failed to plead sufficient facts to support these essential elements of a RICO claim. Plaintiff's failure to properly plead these elements of a RICO cause of action destroys not only his direct RICO claim but also his conspiracy claim. *See GE Inv. Private Placement Partners II v. Parker*, 247 F.3d 543, 551 n.2 (4th Cir. 2001) ("Because the pleadings do not state a substantive RICO claim under § 1962(c), Plaintiffs' RICO conspiracy claim fails as well."); *Efron v. Embassy Suites, Inc.*, 223 F.3d 12, 21 (1st Cir 2000) (finding the same).

**A. Plaintiff Fails to Adequately Allege That Equifax "Participated" in a RICO "Enterprise"**

Plaintiff's RICO claims must be dismissed because Plaintiff has failed to plead a proper RICO "enterprise," an "essential element of a RICO claim." *See Bonner v. Henderson*, 147 F.3d 457, 459 (5th Cir. 1998). To establish a RICO enterprise, Plaintiff is required to show: (1) that the enterprise consisted of "a group of persons associated together for a common purpose of engaging in a course of conduct;" (2) that there was "evidence of an ongoing organization, formal or informal;" (3) that there was "evidence that the various associates function[ed] as a continuing unit;" *United States v. Turkette*, 452 U.S. 576, 583 (1981); and (4) that the defendant was separate and distinct from (instead of identical to) the purported enterprise. *United States v. Goldin Indus., Inc.*, 219 F.3d 1268, 1270 (11th Cir. 2000). Finally, Section 1962(c) imposes RICO liability on a defendant only if it "conduct[s]" or "participate[s] … in the conduct of such

enterprise's affairs." 18 U.S.C. § 1962(c); *Reves v. Ernest & Young*, 507 U.S. 170, 177 (1993). In *Reves*, the Supreme Court explained that § 1962(c)'s "conduct" requirement "require[s] some degree of direction," while the word "'participate' … require[s] some part in that direction." *Id.* at 179. To satisfy this, a plaintiff must demonstrate defendants' mechanisms for operating or managing the enterprise itself. *Id.* at 185. Further, Section 1962(c) "liability depends on showing that the defendants conducted or participated in the conduct of the 'enterprise's affairs,' not just their own affairs." *Reves, Id.* (quoting 18 U.S.C. § 1962(c)).

Plaintiff fails to provide facts sufficient to adequately allege each of these elements of a RICO enterprise. *See James v. Meow Media, Inc.*, 90 F. Supp 2d 798, 813 (W.D. Ky. 2000), *aff'd*, 300 F.3d 683 (6th Cir. 2002) (dismissing a plaintiff's RICO claims for failure to properly allege facts to support the existence of a RICO enterprise). Plaintiff does not provide any details as to any claimed association between Equifax and the other defendants for a common purpose engaging in a course of conduct; Plaintiff does not adequately allege that an ongoing organization existed among the defendants; Plaintiff does not adequately allege that defendants operated as a continuing unit; Plaintiff does not demonstrate the distinction between Equifax and the alleged enterprise; and Plaintiff fails to show that Equifax engaged in the managed of the alleged enterprise. Indeed, Plaintiff's Complaint advances no facts to support the existence of an enterprise, nor Equifax's alleged participation in it. Rather, Plaintiff merely asserts the conclusory allegation that "Defendants operate as an 'enterprise' within the meaning of RICO…." *See* Complaint, ¶ 84. For all of these reasons, the Complaint should be dismissed as to Equifax.

**B. Plaintiff Fails to Adequately Allege That Equifax Committed Any RICO Predicate Acts**

Plaintiff's RICO claims must also be dismissed because Plaintiff fails to provide adequate facts to support the commission of any acts of "racketeering." In order to show a "pattern of racketeering activity," Plaintiff must allege at least two predicate acts of racketeering. *See Constitution Bank v. DiMarco*, 815 F. Supp. 154, 157 (E.D. Pa. 1993). "'Racketeering activity' means 'any act or threat involving' specified state-law crimes, any 'act' indictable under specified federal statutes, and certain federal 'offenses.'" *H.J. Inc. v. Nw. Bell Tel. Co.*, 492 U.S. 229, 229 (1989) (citing 18 U.S.C. § 1961(1)). Plaintiff offers four purported predicate acts that allegedly demonstrate Equifax's pattern of racketeering activity—namely, (1) anticipatory obstruction of justice under 18 U.S.C. § 1519, (2) conspiracy to conceal and remove official records under 18 U.S.C. § 2071 and § 371, (3) federal mail fraud under 18 U.S.C. § 1341, and (4) false statements under 18 U.S.C. § 1001.

First, Section § 1519 is not listed in 18 U.S.C. § 1961 as a possible predicate act, so any reliance by Plaintiff on this statute is barred as a matter of law. *See* 18 U.S.C. § 1961 (1).

Second, the Complaint's conclusory allegations of mail fraud cannot satisfy the scrutiny of ordinary pleading requirements, much less the even more stringent requirements imposed by Federal Rule of Civil Procedure 9(b). Rule 9(b) provides that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Fed. R. Civ. P. 9(b), Construction Notes. This rule applies to allegations of fraud in a RICO action. *See United States ex rel. Clausen v. Lab. Corp. of Am., Inc.*, 290 F.3d 1301, 1308-09 (11th Cir. 2002).

Under Rule 9(b), allegations of fraud "must include facts as to time, place and substance of the defendant's alleged fraud." *Id.* at 1308 (citation omitted). The complaint must allege the details of the defendants' allegedly fraudulent acts, specifically, what statements were made, in

what documents, when, and who communicated them. *See Sarpolis v. Tereshko*, 26 F. Supp. 3d 407, 420 (E.D. Pa. 2014), *aff'd*, 625 F. App'x 594 (3d Cir. 2016) (explaining that patient failed to plead predicate acts of mail fraud and wire fraud with particularity required to establish a pattern of racketeering activity, as would support civil RICO claim against defendants who allegedly conspired to devalue and derail her settlement in underlying medical malpractice action in state court, where she did not specify how defendants used the mails and wires to misrepresent material facts regarding the settlement terms).

Plaintiff has made no attempt to do this, and certainly not with particularity. Indeed, the Complaint merely regurgitates the mail fraud statute, failing to provide a single example of a specific misrepresentation made by Equifax. The remaining two predicate acts are similarly wholly conclusory, merely re-stating the elements of each statute. Consequently, these pleading deficiencies concerning predicate acts purportedly committed by Equifax require dismissal of Plaintiff's claims.

### C. Plaintiff Fails to Adequately Allege a RICO Conspiracy

To state a claim for conspiracy under § 1962(d), Plaintiff must allege that each defendant either agreed to the overall objective of the conspiracy or, absent agreement on the overall objective, agreed to commit at least two predicate acts. *See Salinas v. United States,* 522 U.S. 52, 65 (1997). Indeed, a RICO plaintiff must do more than merely allege that a conspiracy exists. *See Republic of Panama v. BCCI Holdings (Luxembourgh) S.A.*, 119 F.3d 935, 950 (11th Cir. 1997) (affirming Rule 12(b)(6) dismissal of RICO conspiracy claims because the complaint did not allege sufficient facts to show that there was an agreement to engage in the scheme or to commit two predicate acts); *Davidson v. Wilson*, 763 F. Supp. 1470, 1472, n.3 (D. Minn. 1991) (alleging mere affiliation between corporate defendants is insufficient to establish an agreement

under § 1962(d)), *aff'd*, 973 F.2d 1391 (8th Cir. 1992); *McCullough v. Zimmer, Inc.*, 382 F. App'x 225, 232 n.9 (3d Cir. 2010) (explaining that RICO conspiracy allegations which contain no more specificity than defectively pleaded substantive RICO claims alleged in complaint are themselves defective).

Consistent with the rest of the Complaint, Plaintiff simply recites the elements of a RICO conspiracy claim, but fatally fails to allege any supporting facts. *See O'Malley v. O'Neill*, 887 F.2d 1557, 1560 (11th Cir. 1989) (affirming dismissal of "RICO conspiracy count because the allegations of the conspiracy were merely conclusory and unsupported by any factual allegations [as] there [we]re no facts alleged that would indicate that [defendants] were willing participants in a conspiracy"); *see also Alfaro v. E.F. Hutton & Co.*, 606 F. Supp. 1100, 1117 (E.D. Pa. 1985) (finding that allegations by purchasers of limited partnership interests that brokerage firm individually and in conspiracy with others engaged in pattern of racketeering activity within meaning of RICO provision and that firm conspired to conduct its own affairs and those of limited partnership through pattern of racketeering activity, in violation of RICO provision, were not sufficiently specific to satisfy minimal pleading requirements of Federal Rules of Civil Procedure, since complaint did not contain allegations providing factual support for broad allegations of conspiracy); *Kirschner v. Cable/Tel Corp.*, 576 F. Supp. 234, 244 (E.D. Pa. 1983) (explaining that it is necessary to plead fraudulent conspiracy with enough specificity to inform defendants of facts forming basis of conspiracy charge).

The Complaint offers no facts demonstrating that Equifax agreed with any other defendant to do anything improper, and only provides legal conclusions. Indeed, Plaintiff alleges only that "[a]ll Defendants did conspire to acquire and maintain an interest in a RICO enterprise engaged in a pattern of racketeering activity…" and that this activity "caused Plaintiff injury."

Complaint, ¶¶ 97, 100. Thus, the Complaint does not give rise to a plausible inference that Equifax entered into "an agreement to [advance] the overall objective of the conspiracy or an agreement to commit two predicate acts," and should accordingly be dismissed. *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1293 (11th Cir. 2010); *see also Trautz v. Weisman*, 809 F. Supp. 239, 246 (S.D.N.Y. 1992) (explaining that at the very least, a plaintiff must allege facts that imply an agreement to commit two predicate acts to state a sufficient claim under § 1962(d); there must be actual knowing participation by the defendant; mere knowledge of the conspiracy is insufficient).

### D. The Complaint Fails to Allege Facts Sufficient to Support Proximate Causation of Any of Plaintiff's Alleged Injuries by Equifax

Finally, the Complaint fails to adequately plead proximate causation. To state a RICO cause of action, Plaintiff must allege that he has been injured "by reason of" a violation of RICO. *See* 18 U.S.C. § 1964(c). The Supreme Court has held that this statutory language imposes a requirement of proximate cause in alleging a civil RICO claim. *See Holmes v. Securities Investor Prot. Corp.*, 503 U.S. 258, 268-69 (1992); *see also Sedima S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 496 (1985) ("plaintiff only has standing if, and can only recover to the extent that, he has been injured in his business or property by the conduct constituting the violation"). In *Beck v. Prupis*, 529 U.S. 494 (2000), the Supreme Court considered this proximate cause requirement in the context of a RICO conspiracy claim. The Court rejected the contention that a plaintiff could base a RICO claim on any injury caused by an act in furtherance of the alleged RICO conspiracy. Instead, the Court held that a RICO plaintiff, even on a conspiracy claim, can only seek to recover for injuries that are caused by an act that is independently wrongful under RICO, *i.e.*, by a RICO predicate act. *Id.* at 504-05.

The Court has further explained that proximate causation for purposes of 18 U.S.C. § 1964(c) requires "some direct relation between the injury asserted and the injurious conduct alleged." *Anza v. Ideal Steel Supply Corp.*, 547 U.S. 451, 452 (2006) (citation omitted). Plaintiff does not meet this burden. Plaintiff attempts to link Equifax to the other defendants as well as Plaintiff's alleged injuries without providing any supporting factual detail. Complaint, ¶ 14. Thus, Plaintiff's allegations do not rise to the level of direct proximate causation required by the Supreme Court and should accordingly be dismissed.

## II. Counts VII, VIII, and X of Plaintiff's Complaint Should Be Dismissed Because They Are Wholly Conclusory, Legal Conclusions And Thus Fail to State a Claim

Plaintiff asserts allegations of fraud in Counts VII and VIII. Complaint, ¶¶ 119-132. Specifically, Plaintiff alleges fraud by wire, radio, or television mail fraud under 18 U.S.C. § 1343 and mail fraud under § 1341. As explained above, Rule 9(b) imposes a heightened pleading requirement for allegations of fraud. Indeed, such allegations must "include facts as to time, place and substance of the defendant's alleged fraud." *Clausen*, 290 F.3d at 1308 (citation omitted). To support his claim, however, Plaintiff merely asserts "Defendants committed mail fraud in support of the criminal enterprise in order to keep and maintain personal financial gain." Complaint, ¶ 128. Any supporting, particularized factual allegations are completely absent.

With respect to the non-fraud-based Counts, Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to give fair notice to opposing party so that they may properly respond to and/or defend the claim. *See* Fed. R. Civ. P. 8; *Pierce v. Montgomery Cty. Opportunity Bd., Inc.*, 884 F. Supp. 965, 971 (E.D. Pa. 1995). Thus, Rule 8's pleading requirements demand more than conclusory assertions to support any cause of action. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (explaining that Rule 8 "requires more than labels and conclusions, and a formulaic

recitation of the elements of a cause of action will not do."); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009) ("Rule 8 marks a notable and generous departure from the hypertechnical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions."). Plaintiff completely ignores this baseline requirement, providing insufficient facts to support his allegations.

For example, in Count X, Plaintiff alleges a violation of the Digital Millennium Copyright Act under 17 U.S.C. § 1201 *et seq*. ("DMCA"). A plaintiff alleging a violation of the DMCA must show: (1) ownership of a valid copyright on a work (2) effectively controlled by a technological measure, which has been circumvented (3) that third parties can now access (4) without authorization, in a manner that (5) infringes or facilitates infringing a right protected by the Copyright Act, because of a product that (6) the defendant either (i) designed or produced primarily for circumvention; (ii) made available despite only limited commercial significance other than circumvention; or (iii) marketed for use in circumvention of the controlling technological measure. *See Universal City Studios, Inc. v. Reimerdes*, 111 F. Supp. 2d 294, 342 (S.D.N.Y.), *judgment entered*, 111 F. Supp. 2d 346 (S.D.N.Y. 2000), *aff'd sub nom*., *Universal City Studios, Inc. v. Corley*, 273 F.3d 429 (2d Cir. 2001). Plaintiff, however, once more offers insufficient factual details to prove these necessary elements. Complaint, ¶¶ 141-146.

Therefore, the blatant pleading deficiencies of Counts VII, VIII, and X require dismissal of Plaintiff's claims.

## III. Counts I, V, XI, XII, XIII, XV, XIV, and XVI Should Be Dismissed Because Plaintiff Lacks Standing to Assert These Claims

Finally, Plaintiff asserts six claims under Virginia and D.C. law in Counts I, V, XI, XII, XIV, and XVI; however, Plaintiff's Complaint reveals that he is a citizen of Pennsylvania and does not assert that his purported injuries occurred in these jurisdictions. Complaint, ¶¶ 102-107;

154-159; 166-170; 177-182; p. 42. Thus, Plaintiff lacks standing to assert these state law claims. *See Thomas v. Metro. Life Ins. Co.*, 540 F. Supp. 2d 1212, 1226 (W.D. Okla. 2008) ("[T]he court's analysis requires dismissal of any state law claims alleged under the laws of any states where a particular named plaintiff is not a resident."); *Levy v. Keystone Food Prod.*, No. CIV. A. 07-5502, 2008 WL 4115856, at *6 (E.D. Pa. Aug. 28, 2008) (dismissing state law claims for lack of standing where plaintiffs were not residents). Accordingly, Counts I, V, XI, XII, XIV, and XVI should be dismissed.

Additionally, in Count XIII, Plaintiff alleges a violation of the Privacy Act under 5 U.S.C. § 552. This Act, however, only applies to federal agencies. Equifax Inc. is not a federal agency, and thus Plaintiff cannot state a cause of action under this Act.

Finally, in Count XV, Plaintiff asserts deprivation of rights under color of law under 18 U.S.C. § 242. However, this statute establishes criminal liability for certain deprivations of civil rights and does not give rise to a civil cause of action. *See Snyder v. I.R.S.*, 596 F. Supp. 240, 245 (N.D. Ind. 1984); *see also United States v. City of Philadelphia*, 482 F. Supp. 1248, 1263 (E.D. Pa. 1979), *aff'd*, 644 F.2d 187 (3d Cir. 1980) (explaining that this section and section 241 of this title which create criminal penalties for deprivations of constitutional rights, effected by means of conspiracy or under color of state law, and which on their face neither authorize any civil suit nor create any civil liability, did not give United States Attorney General implied authority to maintain lawsuit which sought to bring about fundamental changes in administration of Philadelphia police force).

Therefore, Counts I, V, XI, XII, XIII, XV, XIV, and XVI should be dismissed.

## **CONCLUSION**

For the foregoing reasons, Equifax respectfully requests the Court grant its Motion to

Dismiss in its entirety with prejudice, and grant all other relief as the Court deems proper.

Respectfully submitted this 17th day of August, 2018.

/s/ Austin Evans
Austin Evans
PA ID No. 201152
King & Spalding LLP
1180 Peachtree St. NE
Atlanta, GA 30309
Phone: 404-572-4600
Fax: 404-572-5100
aevans@kslaw.com

ATTORNEY FOR DEFENDANT
EQUIFAX INC.

**CERTIFICATE OF SERVICE**

I hereby certify that on August 17, 2018, I electronically filed **DEFENDANT'S BRIEF IN SUPPORT OF MOTION TO DISMISS** with the Clerk of the Court using the CM/ECF system, and I have served a copy on the following by causing a copy of the same to be deposited in the United States Mail, postage prepaid and addressed as follows:

Edward T. Kennedy
401 Tillage Rd.
Breinigsville, PA 18031

s/ Austin Evans
Austin Evans