UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

EDWARD THOMAS KENNEDY,

    Plaintiff,

    -v-

EQUIFAX, INC, et al.,

    Defendants.

Case No. 5: 18-cv-00214- JLS

PLAINTIFF'S MEMORANDUM IN RESPONSE TO DEFENDANT'S
MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM PURSUANT TO
FEDERAL RULES OF CIVIL PROCEDURE 12(B)(6.)

Plaintiff asks the court to deny Defendant's Motion to Dismiss for failure to state a claim pursuant to Fed R. Civ. P. 12(b) (6).

A. Introduction

1.    Plaintiff is Edward Thomas Kennedy, one of the people of Pennsylvania, and in this court of record, objects to defendant Equifax, Inc. and Richard F. Smith's motion to dismiss for failure to state a claim pursuant to Fed R. Civ. P. 12(b) (6).

2.    Defendant filed a motion to dismiss and asked the court to dismiss plaintiff's suit for failure to state a claim pursuant to Fed R. Civ. P. 12(b) (6) on behalf of Equifax, Inc., and Richard F. Smith, in his official and individual

-1-

capacities.

## LAW OF THE CASE

3. Filed previously in this complaint, Exhibit "1" is incorporated by reference as though fully stated herein. The date of the claim is the date of the hearing Statutes and codes shall be the rules of decision as long as they are not in conflict with the common law.

4. FRCP 8, with its stark simplicity, requires only a "short and plain statement of the claim showing that the pleader is entitled to relief."

5. "The general rule in appraising the sufficiency of a complaint for failure to state claim is that a complaint should not be dismissed '***unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.[1]

6. "A complaint may not be dismissed on motion if it states some sort of claim, baseless though it may eventually prove to be, and inartistically as the complaint may be drawn. Therefore, under our rules, the plaintiff's allegations that he is suing in 'criminal libel' should not be literally construed. [3] The complaint is hard to understand but this, with nothing more, should not bring about a dismissal

---

[1] CONLEY VS. GIBSON (1957), 355 U.S. 41, 45, 46, 78 S.Ct. 99, 102, 2 LEd 2d 80; SEYMOUR VS. UNION NEWS COMPANY, 7 Cir., 1954, 217 F.2d 168; and see rule 54c, demand for judgment, FEDERAL RULES OF CIVIL PROCEDURE, 28 USCA: "***every final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in his pleadings." U.S. V. WHITE COUNTY BRIDGE COMMISSION (1960), 2 Fr Serv 2d 107, 275 F2d 529, 535.

of the complaint, particularly is this true where a defendant is not represented by counsel, and in view of rule 8{f} of the rules of civil procedure, 28 U.S.C., which requires that all pleadings shall be construed as to do substantial justice BURT VS. CITY OF NEW YORK, 2Cir., (1946) 156 F.2d 791. Accordingly, the complaint will not be dismissed for insufficiency. [4,5] Since the Federal Courts are courts of limited jurisdiction, a plaintiff must always show in his complaint the grounds upon which that jurisdiction depends." STEIN VS. BROTHERHOOD OF PAINTERS, DECORATORS, AND PAPERHANGERS OF AMERICA, DCCDJ (1950), 11 F.R.D. 153.

7. "A complaint will not be dismissed for failure to state a claim, even though inartistically drawn and lacking in allegations of essential facts, it cannot be said that under no circumstances will the party be able to recover."[2]

8. JUDICIARY ACT OF 1789, suit cannot be dismissed because of errors in service

9. Plaintiff files this response asking the court to deny defendant's motion.

B. Argument
      There Is a Federal Question

---

[2] JOHN EDWARD CROCKARD VS. PUBLISHERS, SATURDAY EVENING POST MAGAZINE OF PHILADELPHIA, PA (1956) Fr Serv 29, 19 F.R.D. 511, DCED Pa 19 (1958) "FRCP 8f: CONSTRUCTION OF pleadings. All pleadings shall be so construed as to do substantial justice." DIOGUARDI VS. DURNING, 2 CIR., (1944) 139 F2d 774.

10. Plaintiff sued defendants under US Law, a Federal Questions concerning RICO.

11. Plaintiff's claim is substantial and is based on federal law.

12. Because plaintiff's claim involves a federal question, this court of record has jurisdiction to hear the suit.

13. When considering defendant's motion, the court must construe the factual allegations in the complaint in the light most favorable to plaintiff.[3]

14. If the factual allegations in plaintiff's complaint are sufficient to show that the right to relief is plausible and above mere speculation, the court should deny defendant's motion.[4]

15. Plaintiff has alleged facts sufficient to show that the right to relief is plausible and above mere speculation.

16. Factual evidence for injury and damages to the Plaintiff by the Defendants mentioned in this case heretofore, are outrageous and will be provided to a jury at the jury trial.

C. Conclusion

17. Because this court of record has federal question jurisdiction, the court

---

[3] See Collins v. Morgan Stanley Dean Witter, 224 F.3d 496, 498-99 (5th Cir. 2000); In re Stac Elecs. Sec. Litig., 89 F.3d 1399, 1403 (9th Cir. 1996).

[4] See Bell Atlantic Corp v. Twombly, U.S. 128 S. Ct. 1955, 1965, 1974 (2007).

-5-

should deny defendant's motion to dismiss and retain the case on the court's docket.

18.  Because Plaintiffs factual allegations support a claim upon which relief can be granted, the court should deny defendant's motion and retain the case on the court's docket.

19.  In the alternative, if the court determines that plaintiff has failed to state a claim, plaintiff asks the court to grant leave to amend the complaint.

Date: August 20, 2018.

*/s/ Edward Thomas Kennedy  (SEAL)*
_____
Edward Thomas Kennedy
401 Tillage Road
Breinigsville, PA 18031
Email: kennedy2018@alumni.nd.edu
Telephone: 415-275-1244.
Fax: 570-275-1244.

CERTIFICATE OF SERVICE

I hereby certify that on August 20, 2018, by ECF, I filed the foregoing PLAINTIFF'S MEMORANDUM IN RESPONSE TO DEFENDANT'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(B)(6)., CERTIFICATE OF SERVICE of the case on the following Modern Attorney in charge for the Defendants listed heretofore by ECF and email:

        Albert Evans
        King & Spalding LLP
        1180  Peachtree Street, NE
        Atlanta, GA 30309
        aevans@kslaw.com

                      */s/ Edward Thomas Kennedy*   (SEAL)
                      _____
                      Edward Thomas Kennedy