## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF PENNSYLVANIA

EDWARD T. KENNEDY,                         :
                                           :
                                           :
                                           :
                          Plaintiff,       :
                                           :
v.                                         :          No. 18-cv-00214-JLS
                                           :
EQUIFAX, INC., et al.                      :
                                           :
                          Defendants.      :

## AMERICAN BANKERS INSURANCE COMPANY OF FLORIDA'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

Respectfully submitted,

By: /s/ Joshua Upin

Dated: October 23, 2018

Joshua Upin, Esquire
Matthew Faranda-Diedrich, Esquire
Alexander J. Nassar, Esquire
PA Id. Nos. 308457/203541/313539
**ROYER COOPER COHEN BRAUNFELD LLC**
Two Logan Square
100 N. 18th St., Suite 710
Philadelphia, PA 19103
*Attorneys for Defendant American Bankers Insurance Company of Florida*

00531953.v1

## I.    INTRODUCTION

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendant American Bankers Insurance Company of Florida ("ABIC") submits this Memorandum of Law in support of its Motion to Dismiss the First Amended Complaint ("Amended Complaint", "Complaint", or "FAC") of Plaintiff Edward T. Kennedy ("Kennedy").  For the reasons stated herein, ABIC respectfully requests that this Court grant its Motion and dismiss Kennedy's First Amended Complaint, with prejudice.

## II.    FACTUAL AND PROCEDURAL BACKGROUND

This lawsuit was originally instituted by Kennedy on January 16, 2018, haphazardly styled as a single count breach of insurance contract claim against Equifax, Inc., Richard F. Smith, ABIC, and Barbara Lopez, who is an adjuster with ABIC.  (ECF Document No. 4).  Kennedy broadly alleged that he was improperly denied benefits under an identity theft insurance policy offered by Equifax and underwritten by ABIC.  (*Id.*).  The case was dismissed by the Court *sua sponte* for failure to prosecute.  (ECF Document No. 5).  It was then reopened on April 30, 2018, and Kennedy was permitted to file an Amended Complaint.  (ECF Document No. 9).

Kennedy's First Amended Complaint was filed on May 14, 2018, adding an additional individual defendant in the suit.  (ECF Document No. 10).  The Amended Complaint is a sprawling, nearly incomprehensible, diatribe purporting to state a claim for, *inter alia*, civil RICO and various state law claims arising under the common law and statutes of Virginia and the District of Columbia.[1]

---

[1] It should be noted that Mr. Kennedy appears to be a serial pro se litigant, very possibly suffering from some sort of mental illness.  He appears to have filed at least 22 lawsuits in various Federal District Courts over the last two years.  In fact, on Wednesday, August 22, 2018, he filed another suit in the District of Delaware (No. 18-1270) naming, among other defendants, ABIC's attorneys of record in this case.  All of Kennedy's other lawsuits are similar to the instant action, including grandiose allegations of conspiracy and damages claims in the multi-million dollar range—

First, Plaintiff has failed to state a valid RICO claim and cannot sustain private rights of action for mail fraud and wire fraud.

Second, Plaintiff's claims arising under the common law and statutes of Virginia and the District of Columbia (Counts V, XI, XII, XIV, and XVI) must be dismissed because, as an initial matter, neither location bears any relation to the parties or alleged conduct at issue. Moreover, Plaintiff fails to allege a single action performed by or on behalf of ABIC underlying any of these claims.

Kennedy's remaining sundry statutory and common law claims must be dismissed because they are wholly unsupported by any facts that demonstrate Kennedy is entitled to relief.

For the reasons set forth in greater detail below, ASIC respectfully requests dismissal of Kennedy's First Amended Complaint with prejudice since this was Kennedy's second attempt and second failure to state sufficient claims against ABIC.

## III.    LEGAL STANDARD

In order to survive a motion to dismiss under Rule 12(b)(6), a plaintiff's complaint "must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). To satisfy the plausibility standard, "a plaintiff's allegations must show that defendant's liability is more than 'a sheer possibility.'" *Lowenstein v. Catholic Health E.*, 820 F. Supp. 2d 639, 643 (E.D. Pa. 2011) (quoting *Ashcroft*, 556 U.S. at 678). Rather, the complaint must

---

but without any shred of supporting evidence. True and correct copies of the PACER search results using "plaintiff" and "Edward Thomas Kennedy" and "plaintiff" and "Edward T. Kennedy" as search parameters are incorporated herein and collectively attached hereto as Exhibit 1. Additionally, Mr. Kennedy has been charged multiple times for criminal harassment (repeatedly persisting in a course of conduct with no legitimate purpose) and has been convicted of same on at least two occasions. *See* PA MJ-212001-NT-0000488-2016 and PA MJ-21201-NT-0000034-2017.

provide "enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element" of the claim. *Golden Eagle Tavern, Inc. v. City of Lancaster*, C.A. No. 13-1426, 2014 WL 881139, at *2 (E.D. Pa. Mar. 6, 2014) (citing *Phillips v. County of Allegheny,* 515 F.3d 224, 233 (3d Cir. 2008)). "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Ashcroft*, 556 U.S. at 678 (internal quotations omitted). Furthermore, "[a]mendment of [a deficient] complaint is futile if the amendment will not cure the deficiency in the original complaint or if the amended complaint cannot withstand a renewed motion to dismiss." *Jablonski v. Pan Am. World Airways, Inc.*, 863 F.2d 289, 292 (3d Cir. 1988) (citing *Massarsky v. General Motors Corp.*, 706 F.2d 111, 125 (3d Cir.), *cert. denied*, 464 U.S. 937 (1983)).

Applying these standards to the instant dispute, there can be no question that Kennedy's Complaint fails to state any claim against ABIC upon which relief can be granted and that no amendment could cure the pleading of its fundamental and indisputably fatal deficiencies.

## IV.    ARGUMENT

### A.    Counts II, III, IV, VI, and IX fail to state any plausible claim against ABIC

Counts II, III, IV, VI, and IX of the First Amended Complaint purport to assert various claims under the Racketeer Influenced and Corrupt Organizations Act ("RICO" or the "Act"), 18 U.S.C. § 1961 *et seq.,* which provides a civil action for "any person injured in his business or property by reason of a violation" of 18 U.S.C. § 1962." 18 U.S.C. § 1964(c). Section 1962 contains four separate subsections that outline different RICO causes of action, three of which are ostensibly implicated in this case.[2]

---

[2] Because Plaintiff's Complaint is so poorly drafted it is difficult to ascertain exactly upon which particular sections of the RICO Act he purports to base his lawsuit. He asserts claims for acquisition and maintenance of control of an enterprise engaged in racketeering activities (Count II), participation in a RICO enterprise through a pattern of RICO activity (Count III), conspiracy to engage in a pattern of racketeering activity (Count IV), general RICO claims

There are four basic elements that a plaintiff must establish to prove any civil RICO action: (1) the existence of a RICO enterprise; (2) the existence of a pattern of racketeering activity; (3) a nexus between the defendant, the pattern of racketeering activity or the RICO enterprise; and (4) resulting injury to the plaintiff's business or property. *Smith v. Jones, Gregg, Creehan & Gerace, LLP,* 2008 WL 5129916, at *3 (W.D. Pa. Dec. 5, 2008). As will be discussed in detail below, Plaintiff fails to allege facts which plausibly suggest the existence of any of the aforesaid RICO elements.

### 1.  Plaintiff Fails To State A Claim Under 18 U.S.C. § 1962(c)

The elements of a § 1962(c) claim are: "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *Sedima, S.P.R.L. v. Imrex Co.,* 473 U.S. 479, 496 (1985).

### a.  Plaintiff has failed to allege a defendant distinct from the enterprise

"To establish liability under § 1962(c) one must allege and prove the existence of two distinct entities: (1) a 'person'; and (2) an 'enterprise' that is not simply the same 'person' referred to by a different name." *Cedric Kushner Promotions, Ltd. v. King,* 533 U.S. 158, 161 (2001). In other words, the defendant must be the "person" who conducts the "enterprise's" affairs through a pattern of racketeering activity, and the person/defendant must be separate and distinct from the "enterprise." *Schwartz v. Lawyers Title Ins. Co.,* 680 F.Supp.2d 690, 704 (E.D. Pa. 2010) (citation omitted).

If the alleged enterprise, a corporation for example, is included as one of the individual members of the enterprise, this distinctness requirement is not satisfied. *Jaguar Cars, Inc. v. Royal Oaks Motor Car Co.,* 46 F.3d 258, 268 (3d Cir. 1995) (finding there must be a person acting

---

(Count VI), RICO conspiracy (Count IX), and wire and mail fraud claims (Counts VII and VIII). For the purposes of this Motion Defendants assume Plaintiff is attempting to plead causes of action under §§ 1962(b),(c), and (d).

through an enterprise; a corporation may not serve as both the "person" and the "enterprise.");
*Kolar v. Preferred Real Estate Inv., Inc.,* 2008 WL 2552860, at \*4 (E.D. Pa. June 19, 2008)
("[w]hile Plaintiff properly alleges that each Defendant is a RICO person and the Defendants form
an enterprise, or a *de facto* association engaged in a common pursuit, Plaintiff has failed to meet §
1962(c)'s distinctiveness requirement because Plaintiff's RICO persons and alleged RICO
enterprise are one and the same.").

Further, since a corporation cannot operate except through its officers and employees, a
corporate "enterprise" and its employees are not separate and distinct for the purposes of § 1962(c)
and are to be treated the same as the defendant entity for RICO purposes. *Tarasi v. Dravo Corp.,*
613 F.Supp. 1235, 1237 (W.D. Pa. 1985); *Ellis v. Merrill Lynch & Co.,* 664 F.Supp. 979, 982 (E.D.
Pa. 1987). *See Petro–Tech, Inc. v. Western Co. of North America,* 824 F.2d 1349, 1359 (3d Cir.
1987) (corporation not liable under § 1962(c) for predicate acts committed by its employees);
*Newfield v. Shearson Lehman Bros.,* 699 F.Supp. 1124, 1126–27 (E.D. Pa. 1988) ("Since
[defendant] is a corporation, which cannot act but through its agents, plaintiff [in alleging that the
enterprise consisted of [defendant] and two of its employees] has in effect pleaded the existence
of an association-in-fact of a corporation with its agents ... This will not satisfy the non-identity
requirement."); *Chambers Development Co. v. Browning–Ferris Industs.,* 590 F.Supp. 1528,
1541–42 (W.D. Pa. 1984) (a corporation and its agents are not capable of conspiracy together
because they are legally the same person). A claim that the corporation is the "person" and the
corporation together with its employees and agents is the "enterprise," will not withstand a motion
to dismiss. *Pagnotti Enterprises, Inc. v. Beltrami,* 787 F.Supp. 440, 447 (M.D. Pa. 1992) (a §
1962(c) enterprise must be more than an association of individuals or entities conducting the
normal affairs of a defendant corporation). Similarly, a reference to the corporation as both the

"person" and as the "enterprise" within a complaint is a fatal defect. *Funayama v. Nichia America Corp.*, 2011 WL 1399844, at *22 (E.D. Pa. Apr. 13, 2011) (citation omitted).

In *Stoss v. Singer Financial Corp.*, 2010 WL 678115, at *6 (E.D. Pa. Feb. 24, 2010), the complaint identified Singer Financial as the originating lender and Paul Singer as an individual "acting individually and/or doing business as an officer and/or member of the originating lender" and further alleged that "Singer, Singer Financial, and the Board of Directors as well as their investors constitute an enterprise." The Court could not glean from the pleadings whether Singer or Singer Financial was the "person" accused of conducting the enterprise in such a way as to commit RICO violations, and the complaint's only reference to a "person" as defined by RICO stated that "Plaintiffs and Defendants are persons within the meaning of [RICO]." *Id.*

Because the *Stoss* plaintiffs failed to even attempt to distinguish the alleged enterprise from the person accused of RICO violations and because it appeared from the complaint that the "person" and the "enterprise" were one and the same, the Court granted defendant's motion to dismiss. *Id. See also Bloch v. State Farm Ins. Companies,* 1991 WL 205017, at *2–4 (E.D. Pa. Oct. 2, 1991) (allegation that "defendants and each of them" violated RICO fell short of naming an independent entity as the RICO violator, as required by § 1962(c)); *Kolar*; supra, 2008 WL 2552860, at *5 (citation omitted) (organization cannot join with its own members to undertake regular corporate activity and thereby become an enterprise distinct from itself); *Zellner v. Monroe County Mun. Waste Mgmt. Auth.,* 2008 WL 2962595, at *8 (M.D. Pa. July 28, 2008) (distinctiveness requirement not met where plaintiff alleged defendant was both a "RICO defendant/person" and the "enterprise").

Here, Plaintiff fails to satisfy RICO's requirement of an enterprise separate and distinct from ABIC. In support of his claims, Plaintiff merely alleges, "Defendants operate as an

"enterprise" within the meaning of RICO, the activities of which impacts interstate and foreign commerce…All Defendants did associate with a RICO enterprise of individuals who were associated in fact…Defendants conducted the affairs of an Enterprise…each Defendant participated in the operation or management of the Enterprise…each Defendant conducted and/or participated in the affairs of the Enterprise through a pattern of racketeering activity…". *See* ECF No. 10 at ¶¶84, 91, 109, 115.

In other words, Plaintiff alleges that Defendants, including ABIC, are both the liable "person" and the "enterprise." Because Plaintiff clearly asserts that all Defendants constituted the "enterprise," ABIC cannot also be held liable as a "person". Moreover, since LeMasters and Lopez were employees of ABIC, involved only in carrying out the day to day business affairs of the company, consistent with their employment responsibilities, they cannot be treated as separate and distinct from ABIC – they are one and the same.

Therefore, accepting as true all of Plaintiff's factual allegations, it is clear that ABIC cannot be held liable under § 1962(c) because Plaintiff failed to satisfy § 1962(c)'s distinctiveness requirement. Plaintiff's claims must be dismissed accordingly.

### b. Plaintiff has failed to allege a pattern of racketeering activity

To successfully allege a violation under § 1962(c), a plaintiff must also allege a pattern of racketeering activity. *Sedima, S.P.R.L. v. Imrex Co.,* 473 U.S. 479, 496 (1985). "Racketeering activity" means one of the Act's enumerated predicate acts, including mail fraud and wire fraud. 18 U.S.C. § 1961(1). Additionally, a plaintiff must also "plead a specific nexus between the alleged predicate acts and the control of the alleged RICO enterprise." *Smith, supra,* 2008 WL 5129916, at *6. "A short term scheme threatening no future criminal activity will not suffice." *Kehr Packages, Inc. v. Fidelcor, Inc.,* 926 F.2d 1406, 1412 (3d Cir. 1991).

A "pattern of racketeering activity" requires at least two acts of racketeering within a ten year period. 18 U.S.C. § 1961(5). *Amos v. Franklin Fin. Services Corp.,* 509 Fed.Appx. 165, 168 (3d Cir. 2013) (plaintiff must sufficiently allege that each defendant participated in two or more predicate offenses sufficient to constitute a pattern). To prove a pattern, a plaintiff must show that the predicate acts are related, *and* that they amount to or pose a threat of continued criminal activity." *H.J., Inc. v. Nw. Bell Tel. Co.,* 492 U.S. 229, 239 (1989)) (emphasis in original).

Predicate acts are related if they have "the same or similar purposes, results, participants, victims, or methods of commission, or otherwise are interrelated by distinguishing characteristics and are not isolated events." *Tabas v. Tabas,* 47 F.3d 1280, 1292 (3d Cir.1995). (citations omitted). Essentially there must be some continuity between the acts.

Continuity can be either close-ended or open-ended. *H.J.,* 492 U.S. at 241-42. "Closed-ended continuity" refers to "a closed period of repeated conduct" and requires proof of a "series of related predicates lasting a 'substantial period of time'"; an open-ended scheme, which describes "past conduct that by its nature projects in the future with a threat of repetition", requires proof of a "threat of continuity." *Id.* "Related predicate acts lasting a few weeks or months and threatening no future criminal conduct do not satisfy this requirement." *Hindes v. Castle*, 937 F.2d 868, 872 (3d Cir. 1991). Further, where "the fraudulent activity ... is directed at a single entity ... or can generally be characterized as a single-scheme, single-victim transaction, there is no pattern of racketeering activity." *Bryant v. Collins,* 2017 WL 1354941, at \*6–7 (E.D. Pa. Apr. 13, 2017) (internal quotations and citations omitted) (plaintiff failed to show pattern of racketeering activity because plaintiff's claim was "a single-scheme, single-victim transaction).

In *Smith, supra,* 2008 WL 5129916, at \*5, the Court held that plaintiff failed to plead a pattern of racketeering where his complaint "recite[d] the same boilerplate list of racketeering

activities as to each Defendant verbatim", including mail fraud and conspiring to violate the provisions of § 1962. Further, the Court found that the complaint

> [R]ecites the same litany of alleged racketeering activity as to each defendant...[d]espite the extreme length of the Amended Complaint, it is simply lacking in the "who, what, when, where and how" details of each defendant's allegedly improper activities and how they fit into the alleged scheme...it is not enough to allege facts that are "consistent" with a wrongful conspiracy. Rather, a complaint must allege facts that would be "suggestive" enough to render the alleged conspiracy plausible."

*Id.* at *5 (emphasis added).

Similarly, in *Bloch, supra,* the Court dismissed plaintiff's complaint based upon failure to sufficiently allege a pattern of racketeering activity, holding:

> Plaintiff has neither alleged nor even alluded to any sort of time frame from which this court could draw a reasonable inference as to the duration of the defendants' activities, for purposes of continuity...Additionally, Plaintiff has not attempted to show that the defendants' actions have extended beyond Plaintiff as the sole victim.

1991 WL 205017, at *3–4.

Similarly, here Plaintiff has failed to allege even the most basic facts or circumstances which plausibly suggest a "pattern of racketeering activity" requirement.  The continuity requirement has not been met because Plaintiff has failed to allege any time frame from which the Court could glean the duration of the alleged racketeering activity.  There are no references to any specific dates or clear distinctions between any discreet events or actions which in the aggregate plausibly constitute a pattern.

Of those events which Plaintiff does describe with some *de minimus* particularity, they simply do not constitute racketeering activities.  For example, Plaintiff alleges that ABIC offered

Plaintiff an "identity fraud blanket policy" in furtherance of the criminal enterprise, that Plaintiff submitted a claim under this policy, and that ABIC denied this claim. *See* FAC at ¶¶ 29, 41, 43-47. ABIC is an insurance company. It is in the business of offering policies of insurance to customers. On occasion claims submitted under those policies are denied. These realities are far from anything inherently criminal in nature and do not otherwise enter into the vicinity of the statutory definition of "racketeering activity."

Additionally, Plaintiff has failed to allege that ABIC's conduct has extended beyond Plaintiff as the sole victim, has failed to allege that such conduct is ABIC's customary way of doing business, and has failed to allege that this conduct threatens future repetition. As in *Bloch*, the Amended Complaint describes a sole occurrence involving a single victim, with absolutely no indication of duration or future threat. Accordingly, Plaintiff has failed to demonstrate continuity and does not set forth any indication of a pattern of racketeering activity.

     **i.   Plaintiff has failed to sufficiently allege requisite predicate acts necessary to plead a "pattern of racketeering activity."**

The predicate acts of wire and mail fraud require "(1) a scheme or artifice to defraud for purposes of obtaining money or property, (2) participation by the defendant with specific intent to defraud, and (3) use of the mails or wire transmissions in furtherance of the scheme." *Nat'l Sec. Sys. v. Iola,* 700 F.3d 65, 105 (3d Cir. 2012). When mail or wire fraud is the predicate act to a RICO violation, the plaintiff must allege that mailings are related to the underlying fraudulent scheme, even though mailings need not be an essential element of the scheme and need not themselves contain any misrepresentations. *Tabas, supra,* 47 F.3d at 1294 & n. 18; *Kehr, supra,* 926 F.2d at 1413. See also *Bonavita Electric Contractor, Inc. v. Boro Developers, Inc.,* 87 Fed.Appx. 227, 231 (3d Cir. 2003).

Where a plaintiff relies on mail and wire fraud as a basis for a RICO violation, "the allegations of fraud must comply with Federal Rule of Civil Procedure 9(b), which requires that allegations of fraud be pled with specificity. *Lum v. Bank of America,* 361 F.3d 217, 223–224 (3d Cir.2004). A plaintiff must plead with particularity in order to place defendants on notice of the precise misconduct with which they are charged, and to safeguard against spurious charges of immoral and fraudulent behavior. *Devon IT, Inc. v. IBM Corp.,* 805 F.Supp.2d 110, 123 (E.D. Pa. 2011) (citation omitted). This includes particularizing the role and conduct of each defendant. *See Smith, supra,* 2008 WL 5129916, at *5. To satisfy this standard, the plaintiff must plead or allege the date, time and place of the alleged fraud or otherwise inject precision or some measure of substantiation into the fraud allegations. *Lum,* 361 F.3d at 224 (citations omitted); *Tierney & Partners, Inc. v. Rockman,* 274 F.Supp.2d 693, 698–99 (E.D. Pa. 2003) (To plead a claim under § 1962(c) with particularity, a plaintiff "must identify each separate predicate act, of which Plaintiff has knowledge, indicating the date, the particular person or entity who sent the facsimile in question, the recipient, and, most importantly, the way in which the particular transmission furthered the pattern of racketeering activity and the overall fraudulent scheme.").

When asserting mail fraud, a plaintiff must "identify the purpose of the mailing within the defendant's fraudulent scheme and specify the fraudulent statement, the time, place, and speaker and content of the alleged misrepresentations." *Rolo v. City Investing Co. Liquidating Trust,* 155 F.3d 644, 657–59 (3d Cir.1998) (RICO predicate acts of wire and mail fraud fail particularity requirement if complaint lacks any specific allegations about the fraudulent presentations made). In other words, the plaintiff's pleading must contain the "who, what, when and where details of the alleged fraud." *Allen Neurosurgical Assoc., Inc. v. Lehigh Valley Health Network,* 2001 WL 41143 (E.D. Pa. Jan.18, 2001)). "Detailed allegations regarding the fraudulent scheme overall are

not a substitute for detailed allegations about the acts of mail or wire fraud." *Warden v. McLelland*, 288 F.3d 105, 114 (3d Cir. 2002); *Rolo, supra,* 155 F.3d at 659; *Northeast Revenue, Svcs., LLC v. Maps Indeed, Inc.*, 2015 WL 5965007, at *6–9 (M.D. Pa. Oct. 13, 2015) (plaintiff failed to plead pattern of mail or wire fraud where plaintiff listed alleged misrepresentations made by defendants but failed to allege with any particularity the use of the mails or wires in furtherance of the scheme); *Morales v. Superior Living Prods.*, LLC, 2009 WL 3234434, at *10–12 (E.D. Pa. Sept. 30, 2009) (dismissing RICO claim for failure to plead with sufficient specificity where plaintiffs did not allege the date, time and place of the alleged "predicate acts", failed to "otherwise inject precision or some measure of substantiation into their fraud allegations, and instead made only general averments about defendant's alleged misrepresentations and fraudulent statements).

In *Stern v. Prudential Property and Cas. Ins. Co.,* 1994 WL 325822, at *1 (E.D. Pa. July 1, 1994), plaintiff sought coverage from insurer for damage to his boat, and insurer refused to pay on the policy, sending plaintiff a letter stating that the policy was null and void because of material misstatements he made on his application. As predicate acts for his RICO claim, plaintiff alleged that insurer used mail and the telephone in a scheme to defraud plaintiff of his insurance premiums in violation of the federal wire and mail fraud statutes, and that each of these instances of alleged fraud together formed a pattern of racketeering activity. *Id.* at *2. In dismissing the RICO claim, the Court held that such blanket allegations, without stating who made or received the fraudulent representations, were insufficient, because they did not place the insurer on notice of the precise misconduct with which it was charged. *Id.*

Similarly, in *Train, Inc. v. Pro-Ed, Inc.*, 1993 WL 45084, at *4 (E.D. Pa. Feb. 22, 1993), plaintiff attempted to plead a RICO claim by alleging predicate acts of mail and wire fraud, and by alleging that defendants engaged in an enterprise, through which they conducted a pattern of

racketeering activity.  The Court held that plaintiff failed to plead its RICO allegations with the requisite degree of particularity to give defendants notice of the precise misconduct with which they were charged.  *Id.*  For example, the plaintiff in *Train* generally alleged that the activities in connection with producing and distributing certain software constituted a "pattern of racketeering activity as part of a common plan," and further alleged that the "knowing and intentional actions of all defendants in conjunction with telephone conversations, papers, work product, contracts and catalogs sent and received by United States mails ... constitute[d] repeated violations of 18 U.S.C. § 1342 relating to wire fraud and 18 U.S.C. § 1341 relating to mail fraud, and further constitute[d] acts of racketeering activity as that term is defined in 18 U.S.C. § 1961(1)(b)." *Id.*  In dismissing the RICO claim, the Court held  that these allegations were insufficient to provide defendants with notice of the alleged unlawful conduct and were too vague in terms of pleading the actual "circumstances" of defendants' allegedly fraudulent activities.  *Id. See also Wright v. Everett Cash Mut. Ins. Co.*, 637 F.Supp. 155, 158 (W.D. Pa. 1986) (insurer's annual mailing of billing statements and policy renewals, for policy that insurer did not cover based on business purposes exclusion in policy, constituted ministerial acts performed in execution of single unified transaction in which plaintiff insured obtained coverage, amounted to single fraudulent transaction, and, therefore, did not constitute "pattern of racketeering activity"); *Triffin v. 611 Mach. Sales, Inc.,* 1992 WL 229870, at *2–3 (E.D. Pa. Sept. 8, 1992) (dismissing RICO claim based upon fraud where the complaint contained only one "bald allegation" of wire or mail fraud, with no specifics, and failed to allege the time, place, and specific content of any fraudulent communications or the existence of an underlying scheme to defraud).

The only predicate act which can be reasonably inferred from Plaintiff's garbled, nearly incomprehensible Complaint is mail fraud.[3]  Mail fraud must be pled with particularity pursuant to Rule 9(b). *Saporito v. Combustion Engineering Inc.,* 843 F.2d 666, 673–76 (3d Cir. 1988), *vacated on other grounds,* 489 U.S. 1049 (1989); *Banks v. Wolk,* 918 F.2d 418, 423 (3d Cir.1990). Thus, a blanket allegation of mail fraud is insufficient to sustain a claim under Rule 9(b), and therefore, lacks sufficient particularity to plausibly state a RICO claim. *Saporito,* 843 F.2d at 673-76 (allegations of mail and wire fraud in a RICO complaint that fail to indicate who made and who received the fraudulent representation are insufficient under Rule 9(b)).

Here, Plaintiff fails to particularly plead mail fraud, providing only a blanket conclusory statement, and fails to identify any particular mail or wire transmissions or allege how any mail or wire transmissions are connected to a fraudulent scheme. *Bonavitacola, supra,* 87 Fed.Appx. at 231–32. In light of these flaws, Plaintiff has failed to sufficiently plead predicate acts requisite to support his RICO claims, and these claims should be dismissed.

## 2.  Plaintiff Fails To State A Claim Under 18 U.S.C. § 1962(b)

Section 1962(b) makes it "unlawful for any person through a pattern of racketeering activity ... to acquire or maintain, directly or indirectly, any interest in or control of any enterprise which is engaged in, or the activities of which affect, interstate or foreign commerce." 18 U.S.C.1962(b). To state a cause of action under this section, a plaintiff must allege: (1) defendant has an interest in an enterprise; (2) defendant gained or maintained that interest through a pattern of racketeering; and (3) the enterprise affects interstate commerce. *Lightning Lube, Inc. v. Witco*

---

[3] The other predicate acts Plaintiff alleges, namely "anticipatory obstruction of justice" or "conspiracy to conceal and remove official records" are not predicate acts enumerated by 18 U.S.C. § 1961(1). See *Zellner, supra,,* 2008 WL 2962595 at *8 (General allegations, such as fraud and theft, will not satisfy the pleading standard as they are "not included as [specifically listed] racketeering activit[ies] pursuant to 18 U.S.C. § 1961(1).").

*Corp.,* 4 F.3d 1153, 1190 (3d Cir. 1993). Moreover, a plaintiff "must show injury from the defendant's acquisition or control of an interest" of the enterprise via racketeering activities. *Id.*

Here, Plaintiff has failed to state a § 1962(b) claim because Plaintiff has failed to adequately allege a pattern of racketeering and instead does little more than simply restate the statutory elements of a claim under § 1962(b). Plaintiff offers no facts to demonstrate that ABIC has an interest in RICO enterprise or to demonstrate that ABIC maintained this interest through racketeering activity, or that the alleged enterprise affected interstate commerce. "It is not enough for the plaintiff merely to show that a person engaged in racketeering has an otherwise legitimate interest in an enterprise." *Cottman Transmission Sys., LLC v. Kershner,* 536 F.Supp.2d 543, 560 (E.D. Pa. 2008). These deficiencies are fatal to Plaintiff's RICO claim under § 1962(b).

### 3. Plaintiff Fails To State A Claim Under 18 U.S.C. § 1962(d)

In order to adequately plead a RICO conspiracy under § 1962(d), "the plaintiff must set forth allegations that address the period of the conspiracy, the object of the conspiracy, and the certain actions of the alleged conspirators taken to achieve that purpose. 18 U.S.C. § 1962(d). "Additionally, the elements must include agreement to commit predicate acts and knowledge that the acts were part of a pattern of racketeering activity." *Grand Central Sanitation, Inc. v. First Nat'l Bank of Palmerton,* 816 F.Supp. 299, 308 (M.D. Pa. 1992); *Leonard v. Shearson Lehman/Am. Express, Inc.,* 687 F.Supp. 177, 182 (E.D. Pa. 1988). "Only allegations of conspiracy which are particularized, such as those addressing the period of the conspiracy, the object of the conspiracy, and certain actions of the alleged conspirators taken to achieve that purpose, will be deemed sufficient ... .[A]n inference of conspiracy from the Complaint is no substitute for the requirement that the circumstances of the conspiracy be pleaded with specificity." *Rose v. Bartle,* 871 F.2d 331, 366 (3d Cir. 1989) (citations omitted). Plaintiff must allege facts to show that each

defendant objectively manifested an agreement to participate, directly or indirectly, in the affairs of a RICO enterprise through the commission of two or more predicate acts. *Eaby v. Richmond,* 561 F.Supp. 131, 137 (M.D. Pa. 1983) (citations omitted). Bare allegations of conspiracies described in general terms may be dismissed. *Id.*

Further, any claim under § 1962(d) based on a conspiracy to violate the other subsections of § 1962 necessarily must fail if the substantive claims are themselves deficient. *Lightning Lube, Inc. v. Witco Corporation,* 4 F.3d 1153, 1191 (3d Cir. 1993) (citation omitted); *Rich Maid Kitchens, Inc. v. Pennsylvania Lumbermens Mut. Ins. Co.,* 641 F.Supp. 297, 311 (E.D. Pa. 1986) (because plaintiff failed to allege a valid claim under § 1962(a), (b), or (c), it was not possible to state a claim under § 1962(d)).

In *Smith, supra,* 2008 WL 5129916, at *7–8, the Court found plaintiff failed to allege an actionable conspiracy where all of the underlying § 1962(c) claims were dismissed, and there were no specifics regarding the participation and agreement to join the alleged conspiracy as to any alleged conspirator. Rather, the Court noted that the complaint merely contained "sweeping generalizations" as to an alleged conspiracy involving all defendants, i.e. conclusorily averring: "The 25 defendant conspirators agreed to engage in a pattern of racketeering activity" and "Each of the 25 defendants shared common purpose and to some extent carried it out.". Further, the Court held that plaintiff did not plead any specific facts as to any defendant's agreement to conspire, and, even assuming *arguendo* that the allegations in the complaint were consistent with a conspiracy, they fell far short of being suggestive of an unlawful RICO conspiracy. *See also Pagnotti, supra,* 787 F.Supp. at 446–48 (since defendant failed to allege any activity which fell within the purviews of RICO, the conspiracy claim, which is based on the same acts, also failed); *Wood v. Wood,* 2017 WL 57186, at *3–7 (W.D. Pa. Jan. 5, 2017) (dismissing RICO conspiracy

claim where plaintiff failed to state claim under any of RICO's substantive provisions, and the alleged conspiracy claim was identical to the § 1962(c) claim, with no specific allegations regarding each defendant's participation and agreement, nor any facts regarding an agreement to conduct a RICO enterprise through a pattern of predicate acts).

In the instant case, because Plaintiff has failed to state a claim under any of the substantive provisions of the RICO statute, his § 1962(d) claim must also fail. *See Northeast Jet Center v. Lehigh-Northampton Airport Auth.,* 767 F.Supp. 672, 684 (E.D. Pa. 1991). The alleged RICO § 1962(d) conspiracy is conclusory and nearly indistinguishable from the alleged RICO § 1962(c) theory. There are no specific averments regarding the participation and agreement to join an alleged conspiracy as to each Defendant, nor any facts regarding an agreement to conduct a RICO enterprise through a pattern of predicate acts. *Ferguson v. Moeller,* 2016 WL 1106609, at *9 (W.D. Pa. March 22, 2016) (dismissing RICO conspiracy claim where conspiracy allegations were conclusory and "virtually identical" to the alleged RICO § 1962(c) theory). Thus, for the reasons set forth above, Plaintiff's § 1962(d) claim should be dismissed.

### 4.   Plaintiff's RICO Claims Should Be Dismissed With Prejudice

Amendments prior to trial are governed by Federal Rule of Civil Procedure 15, which instructs courts to grant a party leave to amend their complaint "when justice so requires." Fed.R.Civ.P. 15(a)(2). Amendment should be disallowed when such amendment would be futile. *See Grayson v. Mayview State Hosp.,* 293 F.3d 103, 108 (3d Cir. 2002) (allowing courts to deny leave to amend if such an amendment would be futile); *Lorenz v. CSX Corp.,* 1 F.3d 1406, 1413 (3d Cir.1993) (leave to amend may be denied where Plaintiff has repeatedly failed to cure deficiency through previous amendments). "Futility means that the complaint, as amended, would fail to state a claim upon which relief could be granted. In determining whether a claim would be

futile, the district court applies the same standard of legal sufficiency as applies under Federal Rule of Civil Procedure 12(b)(6)." *Travelers Indem. Co. v. Dammann & Co., Inc.,* 594 F.3d 238, 243 (3d Cir. 2010) (quotation omitted); *Coletta v. Ocwen Fin. Corp.,* 2015 WL 5584663, at *1–2 (E.D. Pa. Sept. 21, 2015) (dismissing complaint based upon failure to state RICO claim and denying leave to amend complaint because plaintiff could only correct its deficiency by contradicting that to which he had already sworn).

Plaintiff has already been afforded one opportunity to amend his pleadings. The allegations in the First Amended Complaint likewise fail to state any claim under which relief could be granted and should be dismissed with prejudice because of their extensive deficiencies. Taken together the complaints are indicative of the complete dearth of legitimate facts upon which Plaintiff may base this or any other suit against Defendant ABIC. Plaintiff's RICO claims are nothing more than a thinly veiled shakedown. Mr. Kennedy appears intent on misappropriating the civil justice system purely to harass ABIC and its employees and otherwise indulge his delusions of a grand corporate conspiracy directed at him alone. The Court is in the unique position to immediately and definitively end this farce by granting ABIC's Motion to Dismiss.

**B.    Counts VII and VIII fail to state any plausible claim against ABIC**

Counts VII and VIII endeavor to assert claims for wire and mail fraud under 18 U.S. Code §§ 1341 and 1343. No private right of action exists under the federal Wire and Mail Fraud Acts. 18 U.S.C. §§ 1341, 1343. *Stern, supra,* 1994 WL 325822, at *1–2; *Krupnick v. Union Nat'l Bank,* 470 F.Supp. 1037 (W.D. Pa. 1979). Plaintiff nevertheless purports to plead wire and mail fraud as separate counts, rather than simply as  predicate acts for a RICO violation. It does not follow from this that once mail or wire fraud have been alleged as RICO predicate acts, a private right of action for mail or wire fraud is thereby created. Accordingly, Plaintiffs' claims for mail and wire fraud should be dismissed.

C.    **Counts V, XI, XII, XIV, and XVI also fail to state any plausible claim against ABIC**

Perplexingly, Plaintiff attempts to bring claims under the common law and statutes of Virginia and the District of Columbia—despite the fact that neither location bears any relation whatsoever to the parties or allegations at issue. Specifically, in Count V, Plaintiff tries to state a claim for "conspiracy to commit trespass to chattels" under Virginia common law; Count XI alleges a violation of the D.C. Uniform Trade Secrets Act; Count XII alleges a violation of the Virginia Computer Crimes Act; Count XIV alleges "unauthorized use of Plaintiff's name" under Virginia common law; and Count XVI asserts "intentional infliction of emotional distress" under Virginia common law. Each of these counts must be dismissed for failure to state a claim against ABIC upon which relief can be granted.

As an initial matter, Counts V, XI, XII, XIV, and XVI are insufficient as a matter of law because neither Virginia nor the District of Columbia has the slightest interest in having its common law or statutes applied to this (largely incomprehensible) dispute. Indeed, it is axiomatic that application of the laws of a particular state is impermissible where "the alleged misconduct simply has no connection to" that state. *Nestle Purina PetCare Co. v. Blue Buffalo Co.*, 129 F. Supp. 3d 787, 793 (E.D. Mo. 2015) (internal quotation marks omitted); *see also Yadlosky v. Grant Thorton, L.L.P.*, 197 F.R.D. 292, 300 (E.D. Mich. 2000) ("It would be constitutionally improper to apply [a particular state's] law if the transactions at issue had little or no relationship with the . . . state and the parties had not been advised that the forum state's laws would apply."); *Peters v. LG Elecs. USA, Inc.*, No. CIV.A07-CV-38(DMC), 2007 WL 4591405, at *2 (D.N.J. Dec. 28, 2007) ("If the state's law is not related to its contacts with the litigation, then the state does not have an interest in having its law applied to the underlying issue."); *Devine v. LyondellBasell Indus., N.V.*, No. CV 15-8406 (FLW), 2016 WL 5934705, at *3 (D.N.J. Oct. 12, 2016) ("In sum, the record

indicates that there is no relationship between [Plaintiff] and New Jersey, so as to justify the application of New Jersey substantive law or even the application of New Jersey's choice of law analysis as the selected forum.").

Furthermore, even if Plaintiff could properly assert Virginia and D.C. state law claims against ABIC—which he clearly cannot—Counts V, XII, XIV, and XVI are still woefully deficient and subject to dismissal under 12(b)(6) because Plaintiff has failed to allege a single action on the part of ABIC giving rise to these claims. Indeed, ABIC's name is neither mentioned nor alluded to in any of Counts V, XII, XIV, or XVI. Instead, Plaintiff summarily refers to "Defendants'" purported conduct. This is entirely insufficient, as the Federal Rules of Civil Procedure mandate that each individual defendant be entitled to know what he or she allegedly did wrong; a complaint based on a nebulous theory of collective responsibility cannot withstand a 12(b)(6) motion to dismiss. *See, e.g.*, *Batista v. Countrywide Home Loans, Inc.*, 627 F. App'x 178, 179 (3d Cir. 2015) (affirming district court's dismissal of plaintiff's "lengthy" and "unintelligible" claims where plaintiff "failed to allege specific actionable conduct and connect any wrongful conduct to a particular defendant"); *Aruanno v. Allen*, 498 F. App'x 160, 163 (3d Cir. 2012) (affirming district court's dismissal of complaint where plaintiff's "allegations do not identify any particular injury, any particular defendant, or any particular conduct that would amount to such a claim"); *Feingold v. Unitrin Direct*, No. CIV.A. 12-1250, 2012 WL 2158699, at *4 (E.D. Pa. June 14, 2012) (granting motion to dismiss complaint where plaintiff "fails to direct his allegations toward specific defendants in order to provide the defendants with fair notice of the claims brought against them"). Counts V, XII, XIV, and XVI must be dismissed accordingly and with prejudice.

**D.** **Counts I, X, XIII, XV, and XVI fail to state any plausible claim against ABIC**

The remaining counts of the First Amended Complaint purport to bring claims for "misappropriation of chattel property" (Count I), "Digital Millennium Copyright Act (17 U.S.C.

§ 1201 et seq.)" (Count X), "The Privacy Act (5 U.S.C. § 552a)" (Count XIII), and "Deprivation of Rights under Color of Law (18 U.S. Code § 242)" (Count XV).

These counts should be dismissed because Plaintiff has failed to allege any facts that would entitle him to relief for any of these claims. Rather, the allegations in support of these claims consist of boilerplate recitals of the statutes themselves in the case of the alleged statutory violations, and insufficient factual statements that Defendants stole Plaintiff's personal data in support of his common law claim. These counts must be dismissed accordingly and with prejudice.

## V.    CONCLUSION

Based on the foregoing facts, law, and argument Defendant ABIC respectfully requests dismissal of Plaintiff's First Amended Complaint.

Dated: October 23, 2018

/s/ Joshua Upin
Joshua Upin, Esquire
Matthew Faranda-Diedrich, Esquire
Alexander J. Nassar, Esquire
PA Id. Nos. 308459/203541/313539
**ROYER COOPER COHEN BRAUNFELD LLC**
Two Logan Square
100 N. 18th St., Suite 710
Philadelphia, PA 19103
*Attorneys for Defendant American Bankers*
*Insurance Company of Florida*