IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EDWARD T. KENNEDY, | : |
| | : |
| Plaintiff, | : |
| v. | : No. 18-cv-00214-JLS |
| EQUIFAX, INC., et al. | : |
| Defendants. | : |

**STEVEN CRAIG LEMASTERS'**
**MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION TO DISMISS**
**PLAINTIFF'S FIRST AMENDED COMPLAINT**

Respectfully submitted,

Dated: October 23, 2018

By: /s/ Joshua Upin

Joshua Upin, Esquire
Matthew Faranda-Diedrich, Esquire
Alexander J. Nassar, Esquire
PA Id. Nos. 308457/203541/313539
**ROYER COOPER COHEN BRAUNFELD LLC**
Two Logan Square
100 N. 18th St., Suite 710
Philadelphia, PA 19103
*Attorneys for Defendant Steven Craig LeMasters*

# I.
# INTRODUCTION

Pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(5), Defendant Steven Craig LeMasters ("LeMasters") submits this Memorandum of Law in support of his Motion to Dismiss the First Amended Complaint of Plaintiff Edward T. Kennedy ("Kennedy"). For the reasons stated herein, LeMasters respectfully requests that this Court grant his Motion and dismiss Kennedy's First Amended Complaint, with prejudice to reassertion of the claims alleged against him therein.

# II.
# FACTUAL AND PROCEDURAL BACKGROUND

This lawsuit was originally instituted by Kennedy on January 16, 2018, haphazardly styled as a single count breach of insurance contract claim against Equifax, Inc., Richard F. Smith, American Bankers Insurance Company of Florida ("ABIC"), and Barbara Lopez, an adjuster with ABIC. (ECF Document No. 4). Kennedy alleged that he was improperly denied benefits under an identity theft insurance policy offered by Equifax and underwritten by ABIC. (*Id.*). The case was dismissed by the Court *sua sponte* for failure to prosecute. (ECF Document No. 5). It was then reopened on April 30, 2018, and Kennedy was permitted to file an Amended Complaint. (ECF Document No. 9).

Kennedy's First Amended Complaint was filed on May 14, 2018, adding LeMasters as an individual named defendant in the suit. (ECF Document No. 10). The Amended Complaint is a sprawling, nearly incomprehensible, diatribe purporting to state a claim for, *inter alia*, civil RICO.[1]

---

[1] It should be noted that Mr. Kennedy appears to be a serial pro se litigant, very possibly suffering from some sort of mental illness. He appears to have filed at least 22 lawsuits in various Federal District Courts over the last two years. In fact, on Wednesday, August 22, 2018, he filed another suit in the District of Delaware naming, among other defendants, LeMasters' attorneys of record in this case. All of Kennedy's other lawsuits are similar to the instant action, including grandiose allegations of conspiracy and damages claims in the multi-million dollar range—but without any shred of supporting evidence. True and correct copies of the PACER search results using "plaintiff" and

As a threshold matter, the pleading fails to set forth any allegations which speak to LeMasters, who is not a resident of Pennsylvania, having had contact with the Commonwealth sufficient to confer personal jurisdiction over him, in his individual capacity, for the purposes of this lawsuit.

Furthermore, on or about July 11, 2018, U.S. Marshals unsuccessfully attempted personal service of the Amended Complaint on LeMasters at ABIC's address, 111222 Quail Roost Drive, Miami, FL 33157. As noted on the Marshals' Return of Service (ECF Document No. 24), service on LeMasters could not be perfected because LeMasters was not employed by ABIC at the time; nor was LeMasters otherwise physically present at the addressed premises. *Id.* The Marshals were not apprised of any forwarding address and, to the best of undersigned counsel's knowledge, there have been no subsequent attempts to serve LeMasters as of this filing.

For the reasons set forth below, LeMasters respectfully requests complete dismissal of Kennedy's First Amended Complaint with prejudice to reassertion of all of the claims alleged therein against him individually.

## III.
## ARGUMENT

### A. <u>PLAINTIFF'S CLAIMS AGAINST LEMASTERS MUST BE DISMISSED BECAUSE THIS COURT LACKS PERSONAL JURISDICTION</u>

Pursuant to Fed. R. Civ. P. 12(b)(2), a complaint may be dismissed upon motion for lack of personal jurisdiction. Here, LeMasters is neither a resident of Pennsylvania, nor has Plaintiff alleged that LeMasters has had any type of significant contact with the Commonwealth. Under the circumstances, this Court plainly lacks personal jurisdiction over LeMasters, and Plaintiff's allegations against him must be dismissed accordingly.

---

"Edward Thomas Kennedy" and "plaintiff" and "Edward T. Kennedy" as search parameters are incorporated herein and collectively attached hereto as Exhibit 1.

Whether personal jurisdiction exists over an out of state defendant involves a two pronged analysis: 1) does the forum state's long arm statute permit the exercise of personal jurisdiction; and 2) would the assertion of personal jurisdiction exceed the constitutional limits of the due process clause of the fourteenth amendment. *Mellon Bank (East) v. PSFS, Nat'l Ass'n v. Farino*, 960 F.2d 1217, 1221 (3d Cir. 1992); *Neary v. B&L Service, Inc.*, No. Civ. A. 04-1072, 2004 WL 1240624, *1 (E.D. Pa. 2004). Here, Pennsylvania's Long-Arm Statute, 42 Pa. C.S.A. § 5322(b), permits a Pennsylvania state court to exercise personal jurisdiction over non-residential defendants to the extent permitted by Constitutional due process. *Lawman Armor Corp. v. Simon*, No. 03-3859, 2003 WL 23525361, *2 (E.D. Pa. 2004) ("Because Pennsylvania's long-arm statute is coextensive with the limits of due process, the two inquiries collapse into a single inquiry whether [personal] jurisdiction comports with due process.").

Pursuant to the due process inquiry, personal jurisdiction can manifest generally or specifically. *Neary*, 2004 WL 1240624 at *1. A court may exercise general jurisdiction when the defendant maintains "continuous and systematic" contacts with the forum state, regardless of whether the subject matter of the cause of action has any connection to the forum. *See Mellon Bank*, 960 F.2d at 1221; *see also Remick v. Manfredy*, 238 F.3d 248, 255 (3d Cir. 2001). In the absence of general jurisdiction, specific personal jurisdiction may exist when the plaintiff's claim is related to or arises out of the defendant's contacts with the forum. *Mellon Bank*, 960 F.2d at 1221 (*citing Dollar Sav. Bank v. First Sec. Bank*, 746 F.2d 208, 2011 (3d Cir. 1984)). There must be some act by which the defendant in question "purposely avails himself of the privilege of conducting business within the forum State, thus invoking the benefits and protections of its laws." *Hanson v. Denckla*, 357 U.S. 235, 253 (1958). Furthermore, it must be determined whether the "defendant's conduct and connection with the forum state are such that he should reasonably

anticipate being haled into court there." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980).

LeMasters submits, respectfully, that this Court has neither general nor specific personal jurisdiction over him for present purposes—and, indeed, Plaintiff has not sufficiently alleged that either form of personal jurisdiction exists. LeMasters is not a resident of the Commonwealth of Pennsylvania. He does not personally conduct business in the Commonwealth of Pennsylvania. He has never personally directed any communications to Kennedy, nor has he personally solicited Kennedy for goods or services of any kind. In short, LeMasters has had absolutely no contact with Kennedy or Pennsylvania which is in any way tied to the spurious and unfounded narrative allegedly giving rise to the occurrences underpinning Kennedy's First Amended Complaint. What is more, Kennedy does not put forth a single allegation which purports to establish LeMasters personally having any contact with him or the Commonwealth. As such, all claims against LeMasters must be dismissed by this Court for want of personal jurisdiction.

### B. ADDITIONALLY, PLAINTIFF'S CLAIMS AGAINST LEMASTERS MUST BE DISMISSED BECAUSE SERVICE OF PROCESS HAS NOT BEEN COMPLETED WITHIN THE TIME PRESCRIBED BY FED. R. CIV. P. 4(m)

Even if the Court somehow determines that it may exercise personal jurisdiction over LeMasters, Plaintiff's claims against him must still be dismissed because Plaintiff has failed to properly serve him with the First Amended Complaint.

Pursuant to Fed. R. Civ. P. 12(b)(5), a defendant may move to dismiss a complaint for "insufficient service of process." A motion to dismiss under Rule 12(b)(5) may challenge the method or timeliness of service. *Id.* Plaintiff bears the burden of establishing adequate service of process where the issue is raised by a moving defendant. *See Grand Entm't Grp., Ltd. v. Star Media Sales, Inc.*, 988 F.2d 476, 488 (3d Cir. 1993). It is immaterial that LeMasters may have had

actual notice of the suit. Furthermore, LeMasters' prior request of an extension of time to respond to Kennedy's First Amended Complaint did not waive his right to challenge the sufficiency of service of process. *See Fisher v. Merryman*, 32 Fed. Appx. 721, 723 (6th Cir. 2002) (noting that a motion for extension of time is not a responsive pleading and thus does not function to confer personal jurisdiction over the defendant requesting the extension); *see also Petruzzi's IGA Supermarkets, Inc. v. Darling-Delaware Co., Inc.*, 677 F. Supp. 289, 294 (M.D. Pa. 1987) (holding that a defendant's entry of a general appearance and filing of an unopposed motion for extension of time to respond to a complaint does not waive the right to object to personal jurisdiction). Kennedy must still comply with the requirements of Fed. R. Civ. P. 4(m) concerning service of process. *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347 (1999) ("An individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, and brought under the court's authority by formal process.").

Here Kennedy has not met Rule 4(m)'s requirement that his First Amended Complaint be served on LeMasters within 90 days of filing. As noted above, the First Amended Complaint was filed on May 14, 2018 which means service must have been completed by Monday August 13, 2018. He has failed to do so. Moreover, Kennedy has failed to advocate good cause (nor can he) before this Court as to why he has so far delayed service of his lawsuit on LeMasters.

In the absence of good cause and in the absence of completed service, Kennedy's claims against LeMasters must be dismissed in their entirety and with prejudice.

## IV.
## CONCLUSION

Based on the foregoing facts, law, and argument Defendant Steven Craig LeMasters respectfully requests dismissal of the claims levied against him in Plaintiff's First Amended Complaint.

Dated: October 23, 2018

/s/ Joshua Upin
Joshua Upin, Esquire
Matthew Faranda-Diedrich, Esquire
Alexander J. Nassar, Esquire
PA Id. Nos. 308459/203541/313539
**ROYER COOPER COHEN BRAUNFELD LLC**
Two Logan Square
100 N. 18th St., Suite 710
Philadelphia, PA 19103
*Attorneys for Defendant Steven Craig LeMasters*

00520289.v2