## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **EDWARD T. KENNEDY,** | ) |
| Plaintiff, | ) |
| v. | ) CIVIL ACTION NO.: 5:18-cv-00214-JLS |
| **EQUIFAX INC.; RICHARD F. SMITH, IN HIS OFFICIAL AND INDIVIDUAL CAPACITIES; AMERICAN BANKERS INSURANCE COMPANY OF FLORIDA, A STOCK INSURANCE COMPANY; BARBARA LOPEZ, IN HER OFFICIAL AND INDIVIDUAL CAPACITIES; and STEVEN CRAIG LEMASTERS; IN HIS OFFICIAL AND INDIVIDUAL CAPACITIES,** | ) |
| **Defendants.** | ) |

## DEFENDANT EQUIFAX, INC.'S OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

Defendant Equifax Inc. ("Equifax") hereby files its Opposition to Plaintiff's latest[1] Motion for Summary Judgment (hereinafter "Plaintiff's Motion," ECF No. 65). Like Plaintiff's previous Motion for Summary Judgment against Equifax, which is still pending, this frivolous Motion should be denied for a myriad of reasons.

Plaintiff's Motion does not offer any new evidentiary support for his alleged common law tort or RICO claims against Equifax. Plaintiff apparently relies in part on various Executive Orders issued by President Donald J. Trump as an evidentiary basis for his Motion (*see generally* ECF No. 65-1 at 1-2). These Executive Orders do not appear to have any bearing on, much less constitute "evidence" for, Plaintiff's claims. For example, Executive Order 13825 concerns

---

[1] Plaintiff previously filed a "Motion for Summary Judgment" against Equifax on September 18, 2018 (ECF No. 31), which Equifax opposed (ECF No. 52).

1

amendments to the Manual for Courts-Martial, which does not pertain to this Honorable Court. Exec. Order 13825, 83 Fed. Reg. 9889 (March 8, 2018). Executive Order 13818 discusses blocking the property of certain persons listed in the Order, who are involved in human rights abuse or corruption. Exec. Order 13818, 82 Fed. Reg. 60839 (December 26, 2017). Plaintiff also speculates about the United States having been "conquered by secrecy and stealth by an international criminal enterprise that includes British Banks and the Federal Reserve System by controlling the nation's banks and money" in 1913, resulting in a "national emergency." (ECF No. 65-1 at 4). This appears also to have no bearing on the claims Plaintiff is attempting to assert against Equifax in his Amended Complaint, ECF No. 10.

Equifax vigorously denies Plaintiff's mere insinuations – not facts – that its "business strategy is to profit from a criminal enterprise business model" and that it is "corrupt." (*See, e.g.*, ECF No. 65-1 at 5). Plaintiff's fanciful and conclusory screeds about such various and unrelated topics ranging from President John F. Kennedy's assassination (*id*. at 6-7), and admittedly "hearsay evidence from Silicon Valley and the internet" (*id*. at 8), fail to sustain Plaintiff's burden on the claims asserted in his Amended Complaint and on his Motion for Summary Judgment. Nor do Plaintiff's citations to Equifax's SEC filings[2] (*id*. at 9) or press releases (*id*. at 10-12) in his Motion remedy his deficient allegations in his Amended Complaint, which Equifax moved to dismiss on August 17, 2018. (ECF No. 26).

Under Federal Rule of Civil Procedure 56(a), the court shall only grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the

---

[2] It furthermore does not appear that Plaintiff is qualified to opine as an expert on his own behalf as to Generally Accepted Accounting Principles (GAAP) by education, training, experience, or otherwise. (ECF No. 65-1 at 4, 5, 9-14). Should this Court find that Plaintiff is qualified to provide such expert testimony, Equifax respectfully reserves the right to retain a rebuttal expert, and would respectfully ask for leave to file a sur-reply on the issue of "GAAP metrics" and other accounting topics related thereto, and/or a *Daubert* motion to challenge the admissibility of Plaintiff's testimony. *Daubert v. Merrell Dow Pharmaceuticals, Inc*., 509 U.S. 579 (1993).

movant is entitled to judgment as a matter of law."  Equifax opposed the allegations in Plaintiff's Complaint through its Motion to Dismiss.  And, as detailed in Defendant Equifax's Memorandum in Support of its Motion to Dismiss (ECF No. 27), which is ripe for decision by this Honorable Court, Plaintiff's Complaint fails to set forth any viable claims, in part because it is based on wholly conclusory allegations.

Such allegations are not evidence sufficient to sustain a grant of a motion for summary judgment against these Defendants; Plaintiff's Motion fares no better in showing, as he must under the Rule, that there is no genuine dispute as to any material facts and that he is therefore entitled to judgment as a matter of law.  Plaintiff's *ipse dixit* that the elements of the tort of intentional infliction of emotional distress "are met" (ECF No. 65-1 at 17) is insufficient to grant summary judgment.  Plaintiff's Motion also fails to provide facts sufficient even to adequately allege the elements of a RICO enterprise, much less demonstrate the absence of a genuine dispute of material fact. *James v. Meow Media, Inc.*, 90 F. Supp. 2d 798, 813 (W.D. Ky. 2000), *aff'd*, 300 F.3d 683 (6th Cir. 2002) (dismissing a plaintiff's RICO claims for failure to properly allege facts to support the existence of a RICO enterprise).  Plaintiff does not provide any details as to any claimed association between Equifax and the other defendants for a common purpose engaging in a course of conduct; Plaintiff does not adequately allege that an ongoing organization existed among the defendants; Plaintiff does not adequately allege that defendants operated as a continuing unit; Plaintiff does not demonstrate the distinction between Equifax and the alleged enterprise; and Plaintiff fails to show that Equifax engaged in the management of the alleged enterprise. Indeed, Plaintiff's Motion advances no facts to support the existence of an enterprise, nor Equifax's alleged participation in it.

For the foregoing reasons, Defendant Equifax respectfully requests that the Court deny

Plaintiff's Motion.

Respectfully submitted this 14th day of January, 2019.

        */s/ Misty L. Peterson*
        Misty L. Peterson
        (admitted *pro hac vice*)
        King & Spalding LLP
        1180 Peachtree Street, N.E.
        Atlanta, GA 30309-3521
        Tel: 404-572-4600
        Fax: 404-572-5100
        Email: mpeterson@kslaw.com

        Jonathan D. Klein
        CLARK HILL PLC
        jklein@clarkhill.com
        One Commerce Square
        2005 Market Street, Suite 1000
        Philadelphia, Pennsylvania 19103
        (215) 640-8500

        ATTORNEYS FOR DEFENDANT
        EQUIFAX INC.

## CERTIFICATE OF SERVICE

I hereby certify that on January 14, 2019, I electronically filed **DEFENDANT EQUIFAX, INC.'S OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** with the Clerk of the Court using the CM/ECF system, and I have served a copy on the following by causing a copy of the same to be deposited in the United States Mail, postage prepaid and addressed as follows:

>Edward T. Kennedy
>401 Tillage Rd.
>Breinigsville, PA 18031

>s/ *Misty L. Peterson*
>Misty L. Peterson

DMSLIBRARY01\33712476.v1