IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EDWARD T. KENNEDY, | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| EQUIFAX, INC., *et al.*, | : | NO. 18-214 |
| Defendants. | : | |

**MEMORANDUM OPINION**

**SCHMEHL, J. /s/ JLS**                                                            **March 27, 2019**

## I.     **INTRODUCTION**

Edward T. Kennedy, proceeding *pro se*, has filed this civil action against Equifax, Inc., former Equifax CEO, Richard F. Smith, the American Bankers Insurance Company of Florida, Barbara Lopez, a claims adjuster for ABIC, and Steven Craig LeMasters, CEO of ABIC. Kennedy's Amended Complaint (Docket No. 10), although difficult to decipher, appears to include alleged violations of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961 et seq ("RICO") and various state law claims arising under the common law and statutes of Virginia and the District of Columbia. All defendants have moved to dismiss the Amended Complaint, and for the reasons that follow, I will grant Defendants' motions.

## II.    **STATEMENT OF FACTS**

In his Complaint, Mr. Kennedy alleges that on or about October 24, 2017, he submitted a claim and notice of loss to ABIC, the insurer for Equifax, via Defendant Lopez. (Am. Compl. at ¶ 32.) He contends that Defendants have engaged in "[f]raud or embezzlement, [t]heft, [f]orgery, [d]ata breach, [t]heft, [s]tolen identity event with coverage limited to 1 million dollars." (*Id.* at ¶ 40.) Kennedy states that "Defendants do not have a reasonable basis for denying benefits to the

Plaintiff under the Identity Fraud Blanket policy." (Am. Compl. at ¶ 42.) In short, it appears Kennedy believes he was a victim of the Equifax data breach, and ABIC, which issued an identity theft policy to him, failed to pay him benefits under that policy due to the breach.

### III. STANDARD OF REVIEW

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim satisfies the plausibility standard when the facts alleged "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Burtch v. Millberg Factors, Inc.*, 662 F.3d 212, 220-21 (3d Cir. 2011) (*citing Iqbal*, 556 U.S. at 678). While the plausibility standard is not "akin to a 'probability requirement,'" there nevertheless must be more than a "sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (*citing Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id. (quoting Twombly*, 550 U.S. at 557).

The Court of Appeals requires a three-step analysis under a 12(b)(6) motion: (1) "it must 'tak[e] note of the elements [the] plaintiff must plead to state a claim;'" (2) "it should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth;'" and, (3) "[w]hen there are well-pleaded factual allegations, [the] court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief." *Connelly v. Lane Construction Corp.,* 809 F.3d 780, 787 (3d Cir. 2016) (quoting Iqbal, 556 U.S. at 675, 679); *see also Burtch*, 662 F.3d at 221; *Malleus v. George*, 641 F.3d 560, 563 (3d. Cir. 2011); *Santiago v. Warminster Township*, 629 F.3d 121, 130 (3d. Cir.

2010).). Further, a complaint may be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(2) upon motion for lack of personal jurisdiction.

## IV. DISCUSSION

### A. PERSONAL JURISDICTION

Rule 4(e) of the Federal Rules of Civil Procedure grants district courts personal jurisdiction over non-resident defendants to the extent permitted by the law of the state in which the district court sits. *See* Fed. R. Civ. P. 4(e). In Pennsylvania, the applicable long-arm statute authorizes personal jurisdiction over non-resident defendants to be exercised to the "fullest extent allowed under the Constitution of the United States." 42 Pa. C.S.A. § 5322(b). A district court has personal jurisdiction over a non-resident so long as the defendant has "certain minimum contacts with [the forum] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).

There are two types of personal jurisdiction: general and specific. *Helicopteros Nacionales de Colombia S.A. v. Hall*, 466 U.S. 408, 414 (1984). General jurisdiction requires the defendant to have maintained "continuous and systematic" contacts with the forum state. *Reliance Steel Products Co. v. Watson, Ess, Marshall & Enggas*, 675 F.2d 587, 588 (3d Cir. 1982). In order for a district court to have specific jurisdiction over a defendant, the defendant's contacts with the forum state must be such that defendant "should reasonably anticipate being haled into court there." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980). In order for a district court to properly exercise specific jurisdiction, the plaintiff must satisfy a two-part test. First, the plaintiff must show that the defendant has constitutionally sufficient "minimum contacts" with the forum. *See Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474

(1985). Second, the court must determine whether the exercise of jurisdiction "would comport with 'traditional notions of fair play and substantial justice.'" *See Vetrotex Certainteed Corp. v. Consolidated Fiber Glass Products Co.*, 75 F.3d 147, 150–51 (3d Cir. 1996) (*citing International Shoe Co. v. Washington*, 326 U.S. 310 (1945)). To satisfy the first prong of the test and show sufficient minimum contacts with the forum state, a plaintiff must show that defendants have "purposefully directed [their] activities" at the forum. *See Burger King*, 471 U.S. at 472.

Kennedy's Amended Complaint clearly states that Defendant Lopez "is a resident of Florida." (Am. Compl. at ¶ 26.) The Amended Complaint then fails to set forth any allegations of Lopez having had contact with Pennsylvania sufficient to allow this Court to exercise personal jurisdiction over her. There is no allegation that she contacted or attempted to contact Kennedy in Pennsylvania. The same goes for Defendant LeMasters. There are no allegations in the Amended Complaint that point to LeMasters having any contact with Pennsylvania. Further, the United States Marshals were unable to successfully serve the Amended Complaint on either Lopez or LeMasters. (Docket Nos. 22 and 24.) Clearly, Lopez and LeMasters have not "purposefully directed [any] activities" toward Pennsylvania. Therefore, I will grant these Defendants' motions to dismiss with prejudice.

### B. SERVICE OF PROCESS

Defendant Richard Smith filed a motion seeking to dismiss this matter due to insufficient service of process upon him. Pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure, a defendant can move to dismiss for "insufficient service of process." Fed. R. Civ. P. 12(b)(5). A Rule 12(b)(5) motion may challenge the method or timeliness of service. *Id.* On a 12(b)(5) motion arguing insufficient service of process, plaintiff bears the burden of proving adequate service of process. *See Grand Entm't Grp., Ltd. v. Star Media Sales, Inc.*, 988 F.2d 476, 488 (3d

Cir. 1993). If service is not completed within 90 days, the Court must dismiss the action or order that service be made within a specified time. Fed. R. Civ. P. 4(m).

In the instant matter, a review of the returned summons in this matter shows that the summons and complaint to Equifax and Richard Smith were served upon Janise Jordan, "case administrator." *See* Docket No. 17. That return also lists Richard Smith as "former" CEO of Equifax. This was the only attempt at service upon Defendant Smith that Kennedy made. However, there is no evidence presented that Janise Jordan was Smith's agent and was authorized to accept service on his behalf. In fact, Defendant Smith has presented evidence to the contrary: neither Equifax nor Janise Jordan is an agent for Smith and neither is authorized to accept service on his behalf. Docket No. 25, Ex. A. Accordingly, service upon Defendant Smith was not properly made on June 27, 2018, when it was made upon Equifax. A review of the docket entries shows that Kennedy never attempted service upon Defendant Smith again.

Here, Kennedy failed to comply with Rule 4(m)'s plain requirement to serve Smith within 90 days of filing its suit. *See* Fed. R. Civ. P. 4(m). Kennedy filed his Amended Complaint on May 14, 2018. Thus, pursuant to Fed. R. Civ. P. 4(m), he was required to serve the summons and complaint on Smith by August 12, 2018—90 days from the commencement of this action. As of the day of this opinion, there has still been no proper service of any documents on Smith. Further, Kennedy cannot, and does not, present good cause for his delay in serving Smith. *Petrucelli v. Bohringer & Ratzinger*, 46 F.3d 1298, 1305-06 (3d Cir.1995) (explaining that good cause requires "a demonstration of good faith on the part of the party seeking enlargement and some reasonable basis for noncompliance.") (citation omitted). Accordingly, Defendant Smith's motion to dismiss is granted.

## C. RICO

Counts II, III, IV, VI and IX of Kennedy's Amended Complaint purport to assert various claims under RICO. "To state a RICO claim, a plaintiff must plead (1) that the defendant (2) through the commission of two or more acts (3) constituting a 'pattern' (4) of 'racketeering activity' (5) directly or indirectly invests in, or maintains an interest in, or participates in (6) an 'enterprise' (7) the activities of which affect interstate or foreign commerce." *McCulloch v. PNC Bank Inc.*, 298 F.3d 1217, 1225 (11th Cir. 2002) (*quoting* 18 U.S.C. §§ 1962(a)-1962(c)). In the instant matter, Kennedy's RICO claims must be dismissed because he has failed to plead a proper RICO "enterprise," which is an "essential element of a RICO claim." *See Bonner v. Henderson*, 147 F.3d 457, 459 (5th Cir. 1998).

To establish a RICO enterprise, Kenndy is required to show: (1) that the enterprise consisted of "a group of persons associated together for a common purpose of engaging in a course of conduct;" (2) that there was "evidence of an ongoing organization, formal or informal;" (3) that there was "evidence that the various associates function[ed] as a continuing unit;" *United States v. Turkette*, 452 U.S. 576, 583 (1981); and (4) that the defendant was separate and distinct from (instead of identical to) the purported enterprise. *United States v. Goldin Indus., Inc.*, 219 F.3d 1268, 1270 (11th Cir. 2000). Finally, section 1962(c) imposes RICO liability on a defendant only if it "conduct[s]" or "participate[s] … in the conduct of such enterprise's affairs." 18 U.S.C. § 1962(c).

In the instant matter, Kennedy fails to provide facts sufficient to adequately allege each of these elements of a RICO enterprise. Kennedy does not provide any details as to any claimed association between the defendants for a common purpose engaging in a course of conduct; he does not adequately allege that an ongoing organization existed among the defendants; he does

not adequately allege that defendants operated as a continuing unit; he does not demonstrate the distinction between each of the defendants and the alleged enterprise; and he fails to show that any of the defendants engaged in the management of the alleged enterprise. Indeed, Kennedy's Amended Complaint sets forth no facts to support the existence of an enterprise, nor any defendants' alleged participation in it. Rather, Kennedy merely asserts the conclusory allegation that "Defendants operate as an 'enterprise' within the meaning of RICO…." Am. Compl., at ¶ 84. This is insufficient to state a RICO claim; accordingly, the RICO claims are dismissed from Kennedy's Amended Complaint.

### D. WIRE AND MAIL FRAUD

Counts VII and VIII of Kennedy's Amended Complaint assert claims for wire and mail fraud under 18 U.S.C. §§ 1341 and 1343. There is no private right of action under the federal Wire and Mail Fraud Acts. *Stern v. Prudential Property and Cas. Ins. Co.,* 1994 WL 325822, at *1 (E.D. Pa. July 1, 1994); *Krupnick v. Union Nat'l Bank*, 470 F.Supp. 1037 (W.D. Pa. 1979). Further, the mere allegation of mail and/or wire fraud as a predicate act for RICO is insufficient to create a private cause of action for mail or wire fraud. *Stern*, 1994 WL 325822 at *2. Accordingly, Kennedy's claims for mail and wire fraud are dismissed.

### E. REMAINING CLAIMS

Kennedy asserts six claims under Virginia and D.C. law in Counts V, XI, XII, XIV, and XVI; however, his Amended Complaint reveals that he is a citizen of Pennsylvania and does not assert that his purported injuries occurred in these jurisdictions. Am. Compl. at ¶¶ 102-107; 154-159; 166-170; 177-182. Thus, Kennedy lacks standing to assert these state law claims. *See Thomas v. Metro. Life Ins. Co.*, 540 F. Supp. 2d 1212, 1226 (W.D. Okla. 2008) ("[T]he court's analysis requires dismissal of any state law claims alleged under the laws of any states where a

particular named plaintiff is not a resident."); *Levy v. Keystone Food Prod.*, 2008 WL 4115856, at *6 (E.D. Pa. Aug. 28, 2008) (dismissing state law claims for lack of standing where plaintiffs were not residents). Accordingly, Counts V, XI, XII, XIV, and XVI are dismissed.

Additionally, in Count XIII, Kennedy alleges a violation of the Privacy Act under 5 U.S.C. § 552. This Act, however, only applies to federal agencies. None of the defendants are federal agencies; therefore, Kennedy cannot state a cause of action under this Act, and Count XIII is dismissed.

Count I of Kennedy's Amended Complaint alleges a claim for "misappropriation of chattel property," but fails to allege any facts whatsoever in support of this claim. Kennedy has set forth insufficient factual averments that Defendants stole his personal data in order to support this common law claim, and Count I is dismissed.

In Count X of his Amended Complaint, Kennedy alleges a violation of the Digital Millennium Copyright Act under 17 U.S.C. § 1201 et seq. ("DMCA"). A plaintiff alleging a violation of the DMCA must show: (1) ownership of a valid copyright on a work (2) effectively controlled by a technological measure, which has been circumvented (3) that third parties can now access (4) without authorization, in a manner that (5) infringes or facilitates infringing a right protected by the Copyright Act, because of a product that (6) the defendant either (i) designed or produced primarily for circumvention; (ii) made available despite only limited commercial significance other than circumvention; or (iii) marketed for use in circumvention of the controlling technological measure. *See Universal City Studios, Inc. v. Reimerdes*, 111 F. Supp. 2d 294, 342 (S.D.N.Y.) Kennedy, however, again offers insufficient factual details to prove these necessary elements, Am. Compl. at ¶¶ 141-146, and Count X is dismissed.

Finally, in Count XV, Kennedy asserts deprivation of rights under color of law under 18 U.S.C. § 242. However, this statute establishes criminal liability for certain deprivations of civil rights and does not give rise to a civil cause of action. *See Snyder v. I.R.S.*, 596 F. Supp. 240, 245 (N.D. Ind. 1984); *see also United States v. City of Philadelphia*, 482 F. Supp. 1248, 1263 (E.D. Pa. 1979), aff'd, 644 F.2d 187 (3d Cir. 1980). Therefore, Count XV is dismissed.

V. **CONCLUSION**

For the foregoing reasons, the Court will grant Defendants' motions to dismiss and dismiss Kennedy's Amended Complaint for failure to state a claim. I am mindful of the fact that *pro se* plaintiffs often should be afforded an opportunity to amend a complaint before the complaint is dismissed in its entirety, *see Fletcher–Hardee Corp. v. Pote Concrete Contractors,* 482 F.3d 247, 253 (3d Cir.2007), unless granting further leave to amend is not necessary where amendment would be futile or result in undue delay, *Alston v. Parker,* 363 F.3d 229, 235 (3d Cir.2004). In this matter, it would clearly be futile to allow Kennedy to amend, as he has already filed two complaints, neither of which is sufficient to state causes of action against the Defendants. Accordingly, Kennedy's Amended Complaint is dismissed with prejudice as to all Defendants.